CRAWFORD, trustee, v. RONEY.

126   763
s130   517

1. A plaintiff who acquiesces in a ruling that a case is subject to nonsuit, and introduces additional evidence to save the case, will not thereafter be heard to say that the additional evidence was unnecessary.

2. In a suit by a corporation against a stockholder for an unpaid subscription to stock, proof of the subscription and of a call duly made makes a prima facie case for the recovery of the amount embraced in the call.

3. A corporation purchasing its own shares which are not fully paid can not charge the shareholders with individual liability for the unpaid portion of the subscriptions, unless they, upon a sufficient consideration, expressly or impliedly promise to pay the same.

4. Where either party introduces a document, record, or similar evidence, the opposite party may read as evidence introduced by the party who offers it so much of the balance as is relevant; but in the preparation of the brief of evidence after trial, only such portions should be embraced therein as were actually read or considered at the trial.

5. When books of account have been introduced in evidence, an expert bookkeeper may be permitted to testify that he has examined the books and reached given results from the entries therein, to aid the jury in their investigations, the question as to what are the proper deductions to be made from the entries being at last solely for the jury.

Submitted June 8,—Decided November 14, 1906.

Complaint.    Before Judge Hammond.    Richmond superior court.    December 27, 1905.

Crawford, as trustee in bankruptcy ˚of the Augusta Debenture Company, hereinafter referred to as "the company," sued Roney, alleging:    The company is a corporation under the laws of Georgia and has been adjudicated a bankrupt.    The defendant and 19 others were subscribers to the capital stock of the company, the par value of the shares being $100 and the defendant having subscribed for ten shares and become liable thereon in the sum of $1,000, of which $100 has been paid and $900 is still unpaid.    The company is insolvent and it is necessary that all stock subscriptions shall be paid.    A demand for the amounts due has been made upon the defendant, and he has refused to pay.    At different times the company has purchased shares of its stock, the remaining shareholders agreeing to such purchases and thereby becoming liable for the amounts unpaid on such shares.    The defendant in each instance was one of the shareholders then liable, and the amount of his liability is $818.18.    Demand for payment of this sum has been made and payment refused.    An answer was filed in which the defendant admitted that he was a subscriber for 100 shares of stock as alleged, and averred that he had paid his subscription in full, and denied any further liability thereon.    All liability on account of the purchase of shares by the company is expressly denied. In an amendment to the answer the defendant admitted a liability of $56.32 on his subscription, and pleaded a tender of that sum.    At the conclusion of the evidence for the plaintiff the court granted a nonsuit, but, before the order was entered, reopened the case and allowed the plaintiff to introduce further evidence.    The plaintiff excepted pendente lite to the grant of the nonsuit.    After other evidence for the plaintiff was admitted, there was no further motion for nonsuit, but the court·directed a verdict for the plaintiff for $56.32.    His motion for a new trial was overruled, and in a bill of exceptions he assigns error upon this judgment, as well as upon the exceptions pendente lite above referred to.

*William H. Barrett,* for plaintiff.    *Joseph B. Cumming, C. Henry Cohen,* and *Henry C. Roney,* for defendant.

ATKINSON, J.    (After stating the facts.)

1. The plaintiff can not now be heard to say that the ruling that the case was subject to nonsuit was erroneous.    He acquiesced in

that ruling as correct and sought to avoid its consequences by the introduction of additional testimony. If he had desired to .except to the ruling that the case was subject to nonsuit, he should have allowed the order of nonsuit to be entered and excepted to that judgment. *Glover* v. *Railway Co.*, 107 *Ga.* 34, and cit.

2. It appeared, from the uncontradicted evidence, that the defendant had subscribed for 10 shares of the capital stock of the company, that there had been a call by the company for the payment of all subscriptions, and that the defendant had paid $100. It is contended by counsel for plaintiff in error that this made a prima facie case, and cast the burden upon the defendant to show payment. On the other hand, it is contended by counsel for the defendant in error that it was incumbent on the plaintiff to show that the call was not responded to and that no payment has been made. As we understand the contention, it is that there is a presumption arising from the call itself that payment has been made, and that the plaintiff must overcome this presumption. Mere proof of a stock subscription will not ordinarily make a case of liability; for while by such subscription one promises to pay, the time of payment is to be fixed by a call, which is the demand fixing the time of payment and the proportion of the subscription to be paid. *Cook on Stockholders* (3d ed.), § 105. After a call duly made, a fixed liability on the contract of subscription both as to time and amount arises, and mere proof of this liability makes a prima facie case for recovery. If, as between the corporation and a shareholder, a presumption of payment arises merely from the fact of a call, then such a presumption would arise in every case of debtor and creditor where the creditor makes a demand for payment. The general rule is, as between debtor and creditor, proof of a liability which is fixed and certain as to amount and time of payment, and lapse of the time allowed for payment, will cast upon the party liable the burden of showing payment or discharge. A stock subscription upon which a call has been duly made is, as between the corporation seeking payment thereof and a subscriber of stock, within the general rule. As to a subscriber for stock who is seeking relief as a stockholder against the officers of the company and others, it may be that there would under some circumstances be a presumption of payment resulting from a call. Such seems

to have been the ruling in Doe *v.* Transportation Co., 78 Fed. 62, which is cited in 26 Am. & Eng. Enc. L. (2d ed.) 926.

3. Whether a corporation, when not prohibited by statute or by its ·charter, may, under a general power to acquire property, become the purchaser of its own shares, need not be determined in this case. But see, in this connection, *Robinson* v. *Beall,* 26 *Ga.* 1; *Hartridge* v. *Rockwell,* R. M. Charl. 260; 7 Am. & Eng. Enc. L. 818 et seq.; 1 Cook on Stockholders, §§ 309-311; 2 Thomp. Corp. § 2050 et seq. The banks of this State are now prohibited by law from using any part of the capital stock in the purchase of their own shares (Civil Code, § 1968), and the president and director so using the capital of the bank are indictable as for a felony. Penal Code, § 211. This statute was in effect when the case of *Robinson* v. *Beall,* supra, was decided, but no reference was made to it in that decision. The record does not disclose what are the powers of the company in respect to its right to purchase its own shares. But whether it had express power so to do, or the power was claimed under a general authority to acquire property, becomes immaterial to the consideration of the present case. If a corporation duly authorized to purchase its own shares buys such shares, upon which the stock subscription is only partially paid, and releases the subscriber from further payment, it in effect assumes the payment of so much as is unpaid. But it can not impose this liability upon the remaining shareholders individually by mere resolution of its directors or shareholders. Such liability will only arise from the consent of the shareholders, express or implied. If a shareholder votes for such resolution, he will be estopped to deny the right of the corporation to purchase the shares, but an individual liability resulting from such purchase will only attach when he expressly agrees to be so bound, or such a state of facts is shown as would in law establish a promise on his part, supported by a sufficient consideration. Neither the evidence admitted nor that which was rejected showed affirmatively that the defendant had become bound on the subscription for the shares which were purchased by the company.

4. The 4th headnote needs no elaboration. See, in this connection, Civil Code, § 5241; *Waller* v. *State,* 102 *Ga.* 684; *Vischer* v. *Railroad Co.,* 34 *Ga.* 537; *Jones* v. *Grantham,* 80 *Ga.* 477; 4 Mich. Enc. Dig. Ga. Rep. 636, et seq.

5. What is established by the entries in books of account is, of course, a question for the jury; but we see no reason why they should not be aided in their investigation by the testimony of one experienced in such matters, setting forth the character of his examination and its results. When the books are in evidence, the testimony of such a witness can not be otherwise than helpful, but the jury are not in any sense bound by the results obtained by him.

There were other questions argued by counsel, but under the view we have taken we do not think they are now ripe for decision.

*Judgment reversed. All the Justices concur.*