### Payne *et al. v.* Franklin County *et al.*

HILL, J. 1. Error is assigned because the court allowed W. R. Little to testify, over objection: " With reference to that applying to all this borrowed money represented by these notes, I will answer it this way: some was paid out for supporting the poor, some paid out for bridges and some for roads." The admission of such evidence was not error over the objection that the warrants would be the best evidence of the purposes for which the money was used, and that the answer was merely a conclusion of the witness. The answer

of the witness was the statement of a fact, and does not disclose that there was a warrant.

2. Error is assigned because the court, over objection, permitted a witness, who was an auditor for Franklin County, and who had made an audit of the books and accounts of the treasurer, to testify, in answer to the question, "From having made an audit of all the books, papers, and documents in evidence, I will ask you whether or not you did find any shortage as the result of your examination," as follows: "As a result of the first examination we found a deficit of $20,368.21." The objection was that the question called for a conclusion of the witness, that the answer was a mere conclusion, and that as an expert accountant he was not authorized to give his conclusion or general opinion. Such evidence was admissible to aid the jury in their investigation; the question as to what are the proper deductions to be made from the entries in the books and papers being at last solely for the jury. *Crawford* v. *Roney*, 126 *Ga.* 763 (5) (55 S. E. 499).

3. Error is assigned because the witness Stanaland was permitted to testify in behalf of the defendant, Franklin County, that a certain draft for the sum of $1,000, dated November 29, 1919, payable to the order of E. F. Ray, cashier, drawn on the Bank of Toccoa, signed by G. A. McFarlin, and indorsed as paid, was a part of the deficit, because the amount of this particular check was found credited to the personal account of G. A. McFarlin at the Farmers Bank of Royston, Georgia. Such evidence was not inadmissible over the objection that the records of the Farmers Bank would be the best evidence as to the charging of this particular check; and that the witness should not have been permitted to testify as to the entries on the books of the bank, because such books were the best evidence. *Crawford* v. *Roney*, supra.

4. Error is also assigned because the court admitted in evidence a •check for $4,200, dated Carnesville, Ga., January 6, 1920, payable to L. F. Lenhart, cashier, drawn on the Bank of Toccoa, signed by G. A. McFarlin, treasurer Middle River Drainage District; also a check dated Toccoa, Ga., January 10, 1920, in favor of E. F. Ray, cashier, for the sum of $5,000, on the Bank of Toccoa. The witness Stanaland testified, on direct examination, that these two checks were a part of the alleged deficit. On cross-examination, being asked as to his knowledge on which he predicated his testimony, he answered: "We have our own methods of investigation. I cannot answer that straight yes or no, because it involves too many other things. We had our methods to determine what funds these particular checks were charged against, what money paid these checks, and we used that method. I have not a copyright on that method — it is private. It is of a professional nature, of course. It is not necessary whether it is a professional secret. [If] it is necessary for me to state, then I do not know." In immediate sequence the witness testified, by reference to the ledger-sheets at the Bank of Toccoa: "It can be found that particular checks have little red circles by them, and other checks will not have them; they were put there for the proper identification that when this check amounted to a certain amount this

tax money was to be deposited on that account to take care of it. I was told this, and based my assertion that these two checks are county money on that." This last statement was ruled out by the court, on the ground that it was hearsay. Movants then moved to exclude from evidence the two checks described above, on the ground that they were brought in evidence through the testimony of the witness Stanaland, and, such testimony having been ruled out, the checks should be excluded. The above ruling was not error; it not appearing from the ground of the motion itself that the checks themselves, independently of the identification marks referred to and the hearsay testimony in regard to the same, were inadmissible.

5. Error is assigned on the following charge of the court: "The plaintiffs in this case contend that the County of Franklin should not have a verdict against the defendant McFarlin and themselves for any sum whatever, and the defendant McFarlin contends the same thing, that is, that it should not have a verdict against him and his sureties for any sum whatever." While perhaps sligthly inaccurate, yet under the allegations in the plaintiffs' petition they could have introduced evidence that the treasurer did not owe the county anything; and in view of the entire charge of the judge the contentions of the parties were fairly submitted to the jury.

6. The ground of the motion for new trial based on newly discovered evidence of Metz, an auditor employed by the plaintiffs in error subsequently to the trial of the case, to examine the books and papers of the treasurer, is without merit. The court was authorized to find that by the exercise of ordinary diligence the facts contained in the affidavit of this witness could have been discovered prior to the trial.

7. There is sufficient evidence in the record to authorize the jury to find that a shortage in the accounts of the treasurer occurred between January 1, 1917, and December 31, 1920; and although there was some evidence which tended to show a checking out of various amounts prior to the first-named date, the evidence is sufficient to authorize the verdict, and the court did not err in refusing a new trial on the ground that the verdict was contrary to the evidence and without evidence to support it.

*Judgment affirmed. All the Justices concur, except Russell, C. J., dissenting, and Hines, J., disqualified.*

No. 3299. MARCH 1, 1923.

Equitable petition. Before Judge Hodges. Franklin superior court. May 20, 1922.

On January 22, 1921, W. R. Little, clerk of the board of commissioners of roads and revenues of Franklin County, issued an execution in the name and behalf of Franklin County against G. A. McFarlin as principal, and D. H. Payne and others as securities, on the official bond of McFarlin as treasurer of Franklin County, for the sum of $20,368.21, alleged to be issued and proceeding for a deficit in the accounts of the treasurer during his term of office beginning January 1, 1917, and ending De-

cember 31, 1920. On February 2, 1921, T. H. Moss, the sheriff of Franklin County, levied this execution on certain property of the principal and six of the sureties. On February 21, 1921, the sureties on the bond filed a petition praying for an injunction against the County of Franklin, Moss, the sheriff, G. A. McFarlin, the treasurer, the Farmers Bank of Royston, the Bank of Franklin, and the Bank of Toccoa (the names of the three banks were later stricken as parties), alleging a denial of liability as such sureties for the alleged deficit in the accounts of the treasurer, who was their principal in the bond. The defendants filed an answer denying the material allegations of the petition. On the trial of the case a verdict was rendered in favor of Franklin County against G. A. McFarlin as principal, and the sureties on his bond, for the sum of $17,306.54. A motion for new trial was made by the sureties; and the court ordered that the motion be denied, provided the County of Franklin would write off from the verdict the sums of $500 principal, and $155.28 interest; and the county did write off those amounts. To the overruling of the motion for new trial the sureties excepted.

*W. W. Stark, Dorough & Adams, Goode, Owen & Andrews,* and *Charters, Wheeler & Lilly,* for plaintiffs.

*J. H. & Emmett Skelton, Anderson, Rountree & Crenshaw, W. S. McDaniel,* and *W. R. Little,* for defendants.