## 14997.   HUTCHINSON *v.* THE STATE.

BLOODWORTH, J.   1.  The court did not err in overruling the demurrer to the indictment.

2. Some of the grounds of the amendment to the motion for a new trial, based on the admission of evidence, are too indefinite for consideration and are not complete within themselves. To understand them would require reference to other parts of the record; and for no reason assigned in any of the grounds based on the admission of evidence did the court err in admitting the evidence of which complaint is made. Moreover, in admitting a portion of this evidence the court expressly limited its application, and in charging the jury told them, "you would not be authorized to convict the defendant on account of any other matter, act, or transaction other than those set forth in the indictment." To support his contention in reference to certain of these grounds counsel relies on *Hoyt* v. *State*, 50 *Ga.* 313. The facts in that case easily differentiate it from this one. See, in this connection, *Hays* v. *State*, 114 *Ga.* 28 (40 S. E. 13) ; *Berrien* v. *State*, 156 *Ga.* 380 (4 *a*) (119 S. E. 300). As to the extent to which an expert accountant who has made an examination of books which are then in court can testify to what is shown by the books, see *Cabaniss* v. *State*, 8 *Ga. App.* 129 (14) (68 S. E. 849) ; *Spence* v. *State*, 20 *Ga. App.* 62 (11) (92 S. E. 555) ; *Payne* v. *Franklin County*, 155 *Ga.* 219 (2) (116 S. E. 627).

3. The court did not err in refusing to give the instructions requested by counsel for the plaintiff in error, as the principles embraced in the requests, so far as they were legal and pertinent, were substantially and sufficiently covered by the charge given.

4. The evidence authorized the verdict, which has the approval of the trial judge, and as no error of law was committed, the judgment must stand.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED NOVEMBER 15, 1923.

Indictment for embezzlement; from Wilcox superior court— Judge Crum.   July 28, 1923.

The indictment charged M. W. Hutchinson with "the offense of embezzlement, for that the said M. W. Hutchinson, on the 9th day of December in the year 1919, in the county [of Wilcox] aforesaid, did then and there, unlawfully and with force and arms, being

then and there the duly elected and qualified tax-collector in and for the County of Wilcox, said State, and as such tax-collector and by virtue of his office as such tax-collector of said county, did at divers times from January 1st, 1917, and on dates from then up to December 9th, 1919, collect and receive from divers persons due and owing to the said County of Wilcox county taxes amounting to $10,873.25, of the value of $10,873.25, of the property of said County of Wilcox, did embezzle, steal, secrete, and fraudulently take and carry away and fraudulently appropriate to his own use the said sums of money hereinbefore alleged, contrary to the laws of said State," etc.

The demurrer was on the following grounds: (1) No facts are specifically set forth on which the State claims the crime to have been committed. (2) The indictment does not set forth with sufficient certainty the facts on which the State contends that its case against this defendant is founded, to put the defendant on notice and enable him to properly prepare his defense. (3) The indictment charges the defendant with having collected the sum of $10,873.25, and alleges that he embezzled the same amount, but it fails to show whether the said sum is the whole amount that came into his hands, and fails to show that he has never paid any part of the money that came into his hands to Wilcox County. (4) The indictment fails to allege that the money alleged to have been collected and embezzled was money due Wilcox County for taxes for any year during which the defendant was tax-collector.

*Eldridge Cutts, Hal Lawson,* for plaintiff in error.

*J. B. Wall,* solicitor-general, *U. V. Whipple, Jesse Grantham, R. O. Holton,* contra.