In a contested case, it is always reversible error to direct a verdict, except that, "Where there is no conflict in the evidence, and that introduced, with all reasonable deductions or inferences therefrom, shall demand a particular verdict, the court may direct the jury to find for the party entitled thereto." Code, § 110-104. In the instant case it can not be held, upon an examination of the pleadings and the evidence, that the verdict directed by the judge was demanded.
 No. 14283. OCTOBER 14, 1942.
Somers Construction Company filed suit against J. C. Bible, alleging that as former treasurer of the plaintiff Bible had collected and retained certain named funds, the property of petitioner. The plaintiff prayed for judgment against him in the amount of the funds, and for appointment of a receiver to take charge of defendant's property, alleging that he was insolvent. The defendant filed answer and cross-action, in which the allegation was not denied, but he set up facts under a contract of employment by plaintiff which afford him more than the amount sued for. The record shows two communications in writing, as follows:
"Mr. J. C. Bible, Vidalia, Georgia.
"Vidalia, Georgia, Nov. 16, 1937.
"Dear Sir: I am outlining below the status of your connection with the Somers Construction Company, beginning September 1st, 1937. You are to receive a salary of $300.00 per month, and in *Page 725 
addition to this salary you are to receive 15% of the net profit of all the work that is under your supervision. The net profit is to be the actual cash balance left on the job that you supervise, after deducting the pro rata share of the main office expense, equipment, rental, material, labor and incidentals.
"Yours very truly, Somers Construction Company, by Chas. C. Somers, President."
"Savannah, Ga., November 30, 1938.
"Somers Construction Company, and Mr. Charles C. Somers, Vidalia, Georgia.
"Gentlemen: I would like it to be clearly understood that by my to-day resigning as Treasurer and as a director of Somers Construction Company, a corporation, by my giving to Charles C. Somers power of attorney to vote the stock of the corporation standing in my name, by my waiving notice of special meeting of the stockholders of the company, and by my entering into an agreement with the National Surety Corporation for the surrender to me of the promissory note for $5000.00, signed by me and payable to the order of M. F. Brice upon my transferring the stock I own in this corporation to the Surety Corporation, or its nominee, as trustee, pursuant to the terms of an agreement you are about to make with the National Surety Corporation, I am not in any manner relinquishing or impairing whatever rights I may have to hold such moneys of Somers Construction Company, now in my possession, of the approximate amount of $4200.00, as security or in payment of an indebtedness I claim to be owing to me by Somers Construction Company under the terms of an agreement entered into between that company and me in writing, dated November 16, 1937, whereby I claim certain of the net profits of work done under my supervision by Somers Construction Company.
"It is my understanding, that, notwithstanding my executing the papers mentioned in the preceding paragraph, this matter of (a) the proper amount of indebtedness that may be owing to me under the contract mentioned, and (b) my right to retain the funds mentioned in my possession for the purposes indicated, shall remain open for future negotiation and settlement by agreement; and if no agreement is made, to be determined by the courts without prejudice to either your rights or my rights on account of the papers I am to-day signing. If this conforms to your understanding, *Page 726 
please so indicate on the bottom of this letter. Very truly yours, J. C. Bible."
"The foregoing conforms to our understanding. We do not intend hereby to recognize your right to retain all or any part of said funds for the purposes you state, but merely agree that whatever rights you may have in that regard shall not be prejudiced by reason of your having signed to-day the resignations, waivers, powers of attorney, etc., mentioned in your letter. In view of your resignation as an officer of the corporation to-day, and the fact that the company now owes you for salary the sum of $300.00, we agree that you may now immediately take from the funds mentioned in your hands that amount of money, in payment of your salary, without otherwise affecting the understanding herein made. Of course, by withdrawing that amount, the sum for which you may be ultimately held accountable to the company will be reduced correspondingly. This November 30th, 1938.
"Somers Construction Company. By Chas. C. Somers, its President."
The defendant resigned as treasurer of the company. On the trial he testified in detail to a number of contracts the execution of which he had supervised, and gave the amounts of profits and losses on each one. James Taylor as a witness likewise detailed a number of these. Each of these witnesses testified to facts tending to prove that on the projects described by them the Somers Construction Company had made a profit more than sufficient to offset the company's claims against Bible. There were allegations that both plaintiff and defendant were insolvent, and evidence on that subject was introduced.
The court directed a verdict against the defendant in the amount sued for. He excepted to the refusal of a new trial.
The evidence, with all reasonable deductions or inferences therefrom, did not demand a finding in the plaintiff's favor. The record does not support its contention that the counter-claim arose after the filing of the suit, nor can Bible be denied the right to assert this counter-claim merely because he was a stockholder and treasurer of the plaintiff. 19 C. J. S. §§ 798, 810. The record presents no case of other creditors of the corporation contesting *Page 727 
with him as to priority of liens; and the mere fact that the corporation may be insolvent affords no reason why a verdict should be denied on his counter-claim. The uncontradicted evidence in this record supported his claim. If it spoke the truth, the plaintiff was not entitled to a verdict, and it was erroneous so to direct in its favor.
Judgment reversed. All the Justices concur, except Hewlett,J., not participating.