### BIBLE *v.* SOMERS CONSTRUCTION COMPANY.

BELL, Chief Justice. 1. Where the judge appointed an auditor to pass upon all questions of law and fact arising in the case, and authorized him to employ a certified public accountant to assist in examining books, records, and accounts, an accountant who was thereafter so employed, and who had made an examination of books of the plaintiff upon which the defendant relied in part to establish his defense and counterclaim, was not incompetent as a witness to testify as to what the books showed, either because he was employed under authority of the court to assist the auditor, or because the order referring the case to an auditor had been revoked, and the objecting party had never had an opportunity to appear before the auditor. Code, §§ 38-1601, 38-1603.

2. When pertinent and essential facts can be ascertained only by an examination of a large number of entries in books of account, an auditor or

an expert accountant who has made an examination and analysis of the books and figures may testify as a witness and give summarized statements of what the books show as a result of his investigation, provided the books themselves are accessible to the court and the parties. *Bitting* v. *State*, 165 *Ga.* 55 (3) (139 S. E. 877).

3. The defendant himself, who had been employed by the plaintiff but was not the bookkeeper, having testified as to what the books showed regarding the transactions in question, the plaintiff in rebuttal introduced the accountant who also testified as to what the books showed. There was no contention that the books themselves were incorrect, nor was there any objection or contention that they were not accessible to the court and the parties. The case thus does not fall within the rule that a witness may not testify to the correctness of accounts taken from books which he did not keep and upon which alone his testimony is based. *Jenkins* v. *National Mutual &c. Asso.*, 111 *Ga.* 732 (3) (36 S. E. 945); *Southern Home B. & L. Asso.* v. *Butler*, 111 *Ga.* 826 (35 S. E. 679).

(a) Nor was the testimony of the accountant without probative value, as contended. *Crawford* v. *Roney*, 126 *Ga.* 763 (5) (55 S. E. 499); *Cabaniss* v. *State*, 8 *Ga. App.* 129 (14) (68 S. E. 849).

4. The issues in this case were stated in *Bible* v. *Somers Construction Co.*, 194 *Ga.* 724 (22 S. E. 2d, 609), where it was held that the court erred in directing a verdict for the plaintiff. Upon the next trial, the plaintiff introduced additional evidence, and the judge submitted the case to a jury. The jury found for the plaintiff, the defendant's motion for a new trial was overruled, and he again excepted. *Held*, that the verdict was authorized by the evidence, and no error of law appears to have been committed.

5. The request of the defendant in error, plaintiff in the trial court, for direction by this court as to the allowance of interest is denied. No ruling or order as to this matter was invoked in the trial court, nor is there a cross-bill of exceptions.

*Judgment affirmed. All the Justices concur, except Wyatt, J., disqualified.*

No. 14872. JUNE 8, 1944.

*Wyatt & Morgan* and *J. Ellis Pope,* for plaintiff in error.
*T. Ross Sharpe* and *B. P. Jackson,* contra.