WILLIAMS *et al.* *v.* WILLIAMS.

No. 16898. JANUARY 13, 1950.

*D. L. Churchwell* and *John R. L. Smith,* for plaintiffs.
*Thomas W. Johnson* and *E. C. Herring,* for defendant.

HEAD, Justice. The brief of the evidence contains more than 100 pages. It could serve no useful purpose to detail this evidence. Certain children of the plaintiff testified as to periods of employment, wages earned, and amounts delivered to their mother for household expenses and for the purchase of a home. The plaintiff testified as to amounts of money received from her children, and that from the moneys received from them she supplied the major portion of the purchase-price of the property. It is apparent from her testimony that she is not an educated person, capable of keeping accurate records. There was some confusion in her testimony. Counsel for the defendant cross-examined the plaintiff at length with reference to her testimony upon a former trial. It was attempted to be shown that upon such former trial the plaintiff had testified that a smaller amount of money was contributed by her on the purchase-price. The jury, however, would have been authorized to find that she supplied at least $666 of the purchase-price, as alleged. The

defendant testified that from time to time he placed money in the hands of the plaintiff to be used for the purchase of a home, and that all of the money used for this purpose was supplied by him. Both the plaintiff and the defendant introduced the testimony of witnesses tending to show that each had money from which payment might have been made as contended by the respective parties.

There being in this case issues of fact made by the evidence which should have been submitted to the jury, the trial judge committed error in directing a verdict for the defendant. Code, § 110-104; *Hardin* v. *Rubin,* 169 *Ga.* 608 (151 S. E. 31); *Ayer* v. *First Nat. Bank & Trust Co.,* 182 *Ga.* 765 (187 S. E. 27); *Everett* v. *Miller,* 183 *Ga.* 343 (188 S. E. 342).

*Judgment reversed. All the Justices concur.*