DUNCAN v. MAYFIELD et al., executors.

DUCKWORTH, Chief Justice. 1. "Where there is no conflict in the evidence, and that introduced, with all reasonable deductions or inferences therefrom, shall demand a particular verdict, the court may direct the jury to find for the party entitled thereto." Code, § 110-104.

2. But where there is a conflict in the material evidence, it is reversible error to direct the verdict. Bible v. Somers Construction Co., 194 Ga. 724 (22 S. E. 2d, 609); Whatley v. Carpenter, 198 Ga. 408 (31 S. E. 2d, 596); Williams v. Williams, 206 Ga. 395 (57 S. E. 2d, 337); Norris v. Coffee, 206 Ga. 759 (58 S. E. 2d, 812).

3. On application of the foregoing rules of law in the present case, which is an application to probate a will and a caveat thereto, alleging mental incapacity due to monomania, where the evidence for the caveatrix shows that her father, the testator, had without cause maintained an antagonistic attitude toward her, even before she was born, by physical attacks upon her mother, and continued numerous acts of cruelty toward the caveatrix for about thirty years, and the substance of this voluminous evidence was stated as a basis for a hypothetical question which was propounded to a psychiatrist, and upon which he gave the opinion answer that the testator suffered monomania as to the caveatrix, there was a conflict in the evidence rendering it reversible error to direct a verdict in favor of the propounder of the will.

Judgment reversed. All the Justices concur, except Atkinson, P. J., not participating.

No. 18252. ARGUED JUNE 8, 1953—DECIDED JULY 14, 1953.

. Geo. Starr Peck, for plaintiff in error.

O. J. Coogler, O. J. Coogler Jr. and Coogler, Ehlers & McDonald, contra.