## 40367. OLIVER v. HOFFMAN INTERNATIONAL CORPORATION.

BELL, Presiding Judge. This case involves a foreclosure proceeding under a conditional sale contract brought by Hoffman International Corporation against T. P. Oliver. After the levying of the fi. fa., the defendant filed an affidavit of illegality in which the defenses of failure of consideration and breach of warranty were asserted. Also the defendant in fi. fa. in his affidavit sought damages against the plaintiff for breach of contract. It is conceded by all parties that this initial affidavit of illegality acknowledged that the conditional sale contract was between Hoffman International Corporation as seller and T. P. Oliver as purchaser. However, Oliver later offered a verified amendment to the original affidavit in which in effect he refuted his previous admission that he had contracted with Hoffman by specifically denying that he had done so and by denying that Hoffman had any interest in the contract. In his amendment Oliver asserted that Whitmire Machinery Co., Inc. was the other party to the agreement and as such held the unassigned rights and duties of performance under it. The trial judge allowed the amended affidavit to be filed subject to demurrer. The plaintiff in fi. fa. filed general and special demurrers to the affidavit as amended, all of which, after hearing, were overruled by the court.

At the trial the judge directed a verdict for the plaintiff in the following language: "Gentlemen of the jury: At the conclusion of the evidence you left the courtroom [and] a motion was made for a directed verdict. The court is of the opinion that the evidence in this case presents disputed issues of fact as to whether the conditional sales contract sought to be foreclosed was proposed by T. P. Oliver and accepted by Hoffman International Corporation by the shipment of the property sought to be levied on, or was entered into by T. P. Oliver and Hoffman International Corporation acting through its representative, Whitmire Machinery & Company, Inc., or was entered into between T. P. Oliver and Whitmire Machinery & Company, Inc., the latter acting at that time as undisclosed agent for Hoffman International Corporation. The court is of the opinion that this conflict in the evidence is immaterial and that Hoffman International Corporation is entitled to prevail in any event. In the first and second cases, there is no dispute as to Hoffman's right to proceed with the levy; and in the third case T. P. Oliver, by seeking affirmative relief against Hoffman International Corporation, in his counter affidavit, originally filed in this case, elected to proceed against Hoffman International Corporation for breach of the contract and he cannot thereafter repudiate his election. Accordingly, gentlemen, the jury is directed to return a verdict in this case in favor of Hoffman International Corporation."

The defendant in fi. fa. filed a motion for new trial on the ground that the court erred in the direction of the verdict, and it is to the overruling of this motion that exceptions are brought. *Held:*

The trial court erred in directing the jury to return a verdict in favor of Hoffman International Corporation.

Although the initial affidavit of illegality until stricken by amendment was a solemn and binding admission in judicio, it ceased to have this effect when the demurrers to the affidavit as amended were overruled by the trial court. The original affidavit then became a mere matter of evidence which undeniably the defendant had a right to use against the plaintiff in the trial of the case. *Stallings v. Britt,* 204 Ga. 250, 254 (49 SE2d 517). At this stage of the case it is of no importance whether the amendment was properly or improperly allowed or whether the judgment overruling the demurrers to the amended affidavit was right or wrong. The judg-

ment on the demurrers became the law of the case and binding on the parties and the court as to all subsequent proceedings in the case unless set aside specifically by the trial judge. *Code* § 110-708; *Mitchell v. Arnall*, 203 Ga. 384 (4) (47 SE2d 258). The judgment was never set aside. This resulted in there being present in the case a specific denial by the defendant that the plaintiff was the proper party to have brought the foreclosure proceedings. On this material question at least there was contradictory evidence, the resolving of which was within the sole province of the jury. *Duncan v. Mayfield*, 209 Ga. 882 (2) (76 SE2d 805).

*Judgment reversed. Hall and Pannell, JJ., concur.*

Decided February 21, 1964—Rehearing denied March 10, 1964.

*Guy B. Scott, Jr.,* for plaintiff in error.
*Fortson, Bentley & Griffin, Edwin Fortson,* contra.