45612, 45647.   IDEAL REALTY COMPANY
v. REESE; and vice versa.
45613, 45648.   AUERBACH v. REESE; and vice versa.

PANNELL, Judge. These appeals arise out of two suits, one by a prospective purchaser, Bennie Auerbach, against the seller, Pearl Reese, seeking damages for breach of contract, the other by the real estate broker, Ideal Realty Company, against the seller for real estate commissions. Motions for summary judgment made by the plaintiff and the defendant in each case were overruled. Separate appeals were made to this court with the proper certificate of review. *Held:*

1. One of the defenses in each case in the lower court presents the question of whether the contract upon which the action in each case is based is sufficiently definite to support an action in

view of the following decisions: *Dowling v. Doyle,* 149 Ga. 727 (102 SE 27); *Trust Co. of Ga. v. Neal,* 161 Ga. 965 (132 SE 385); *Morgan v. Hemphill,* 214 Ga. 555 (105 SE2d 580); *Muller v. Cooper,* 165 Ga. 439 (141 SE 300); *Hicks v. Stucki,* 109 Ga. App. 723 (137 SE2d 399); *Hamilton v. Daniel,* 213 Ga. 650 (100 SE2d 730).

The contract described the land as follows: "All that tract of land in Land Lot 174 of the 14th District of Fulton County, Georgia. Plat hereto attached, marked exhibit 'A,' and made part of this contract. Note Plat is marked in yellow." The plat attached showed an area as part of a larger subdivided tract and the area had the figures "7.21A" thereon. The contract also provided as follows: "The purchase price of said property shall be: Fifty two thousand-five hundred and no/100 dollars, $52,500.00, or $7,000 per acre whichever is greater, to be paid as follows. Method of payment here attached and part of this contract." The method of payment attached provided that the purchase price was "to be paid as follows by either of the following methods: 1. Traded for another properties as designated by purchaser (if not same in value) balance to be credited or debited as applicable. 2. All cash at closing. 3. Thirty (30%) [sic] cash at closing, balance in ten (10) equal annual instalments, plus interest of 7% on the unpaid balance. Buyer will give seller a deed to secure debt as collateral on the above described property and seller will subordinate this deed to a construction and/or a permanent loan used for the improvements of the above described property."

(a) The contract on its face is not too uncertain or indefinite as to the purchase price to preclude enforcement of the contract. The purchase price is definitely set as a stated fixed sum or a stated price per acre, whichever is greater. That it does not set forth how the acreage is to be established or determined does not make it indefinite. In the absence of some other specific methods, an accurate survey is the only known method to definitely determine acreage. That is definite which can be made definite. It is not necessary that the parties agree to accept the figures already in existence on a particular survey, or that they agree to accept the results of a particular survey to be made in the

future, although this might have been desirable from the standpoint of avoiding disputes as to the accuracy of a particular surveyor's figures. That the plat attached to the contract for the purpose of description had the figures "7.21A" on it does not show as a matter of law either (1) that this figure indicated acreage, or (2) if it did, that the parties so adopted it as the acreage to determine the purchase price. Even should we assume that the figures refer to acreage, it appears that the boundary line description included part of a roadway entering the property shown on the plat and there is nothing in the record which discloses that the acreage excluded the roadway or included it. That the parties may disagree as to the results of a survey, or the figures shown on a survey, does not make the contract indefinite or incapable of enforcement.

(b) The method of payment of the purchase price is clearly in three alternatives. Since the privilege referred to as one of *paying* in *either* method, we consider the privilege of making the election of method as one applying to the purchaser, who makes the payment, rather than the seller, who receives the payment.

(c) The purchaser selected the third method of payment, and this is also contended to be too vague and indefinite to be enforceable. The cash to be paid at closing is easily determinable by mathematical computation, once the purchase price is determined. The remainder of the purchase price is in ten equal annual instalments. This means the balance of principal after deducting the cash payment and means that this balance principal is divided into ten equal parts, with one of such parts being due and payable each year on the anniversary of the closing, plus interest on each part at 7% per annum until each part is paid, secured by a deed to secure debt.

(d) The provisions agreeing to subordinate the security deed "to a construction and/or a permanent loan used for the improvements" of the property involved does not make the contract unenforceable because the amount of such construction or permanent loan or its terms, etc., is not stated. The seller has the privilege of making such an agreement if she so desired, even though neither the terms nor amount is definitely set forth.

When the ascertainment of the balance of the purchase price to be paid in cash is the difference between the amount of a loan to be assumed and the agreed price, a different question is presented. See *Morgan v. Hemphill,* 214 Ga. 555, supra; *Hamilton v. Daniel,* Ga. 650, supra. We therefore conclude that the contract, as to the portions attacked, is not so vague and indefinite as to be unenforceable, and that both the complaints set forth a claim for which relief could be granted.

2. What we have said above also disposes of the defense set up in both cases contending that the purchaser was not entitled to exercise an option as to the method of payment, because the right to do so resided in the seller.

3. We now come to a defense set up in both cases which consisted of denials of the material allegations of the complaints. The evidence adduced showed conclusively that the contract was entered into and that a tender of performance by the buyer as alleged in the complaints was made, the only issue being as to the amount of the purchase price tendered which is dependent upon the acreage in the tract of land, the subject matter of the contract. The evidence shows without dispute that no survey or determination of the acreage has been made, the complainants relying upon the figures "7.21A" on the plat attached to the petition, and the defendant contending that the acreage is 8½ acres, but offering no proof thereof.

It follows, therefore, that the complainants, having failed to eliminate the issue as to the amount of the purchase price, are not entitled to summary judgment, and the trial court did not err in refusing to grant same, and the defendant in both cases having failed to establish without dispute that the amount tendered was inadequate was likewise not entitled to summary judgment, and the trial court did not err in overruling the defendant's motion in each case.

*Judgments affirmed. Jordan, P. J., and Eberhardt, J., concur.*
Argued September 14, 1970—Decided October 28, 1970.

*Kaler, Karesh, Rubin & Frankel, J. Ben Shapiro, Jr.,* for appellants.

*J. C. Daugherty,* for appellee.