## 46621.   MILTON v. AUSTIN.

EVANS, Judge. Frieda Austin, d/b/a Frieda A. Austin Realty Company, sued L. D. Milton to recover a real estate commission alleged to have been earned by the plaintiff as a real estate broker in the execution of a certain sale contract between The Exposition Company, as seller, and Milton, as the purchaser. It was alleged that the sale was not consummated because defend-

ant informed plaintiff that he had changed his mind and would not comply with the terms and conditions of said contract. Defendant thereupon stopped payment on the check for earnest money which he had delivered to plaintiff at the time of the execution of the contract. Defendant answered, denying the complaint, and by amendment added another defense, setting forth that the contract was void and unenforceable; that it was against public policy in that it established rates and commissions in restraint of trade.

The case came on regularly for trial without the intervention of a jury and the court rendered judgment against the defendant for the entire amount. Defendant appeals from this judgment with error enumerated thereon. Error is also enumerated on the admission in evidence of the contract of sale between the defendant and The Exposition Company which contract he contends was a nullity for several reasons more fully explained in the opinion. *Held:*

1. The first contention of the appellant is that the contract is a nullity, based upon a special stipulation explaining the payment of the purchase money by the execution and delivery of a negotiable promissory note from the purchaser to the seller in the sum of $100,000 to be "due and payable in five (5) equal consecutive annual instalments of principal and accrued interest . . . [bearing] . . . interest at eight (8) percent per annum." The appellant contends that nowhere does the contract explain when the note is to be executed, when it is to become effective, when the payments are to be made, or when the note is finally to mature. Appellant contends that it is provided that the payments are to be "annual" once they begin to run, but that this is not enough. He cites *Hamilton v. Daniel,* 213 Ga. 650 (100 SE2d 730); *Erwin v. Hardin,* 187 Ga. 275 (200 SE 159); and *Saye v. Adams Loan & Investment Co.,* 173 Ga. 24 (159 SE 575), holding that legal presumptions or parol evidence cannot be utilized to supply the terms of a written contract. Appellee cites *Ideal Realty Co. v. Reese,* 122 Ga. App. 707 (178 SE2d 564), which holds that a very similar contract is not too uncertain or indefinite as to the purchase price to preclude enforcement of the contract. Here, as in the cited case, the purchase

price is definitely set as a stated, fixed sum; and the method of payment of the purchase price is to be a promissory note for $100,000 and the balance in cash at closing. The special stipulation describes the note to be payable in "five (5) equal consecutive annual instalments of principal and accrued interest thereon bearing interest at eight (8) percent per annum." In the *Reese* case, supra, this court held that the equal payments were due and payable "each year on the anniversary of the closing, plus interest . . . until each part is paid." Under authority of the *Reese* case, supra, we hold that the contract is not so vague and indefinite as to be unenforceable.

2. Next, appellant contends that no proof of authority of the president of the corporation to execute the contract was made; that it was not under seal, and therefore, the corporation was not legally bound by it. The president of the corporation testified that he had written authority from the corporation to execute the contract, and although he did not exhibit the writing of authorization, no objection was made to his testimony in this respect. It has been held repeatedly that parol evidence as to contents of a written instrument, not objected to, is sufficient evidence upon which to predicate a verdict. See *Maynard v. Rawlins*, 45 Ga. App. 91 (1) (163 SE 269); *Munroe v. Baldwin*, 145 Ga. 215 (88 SE 947). Further, the Georgia Business Corporation Code of 1968 provides in § 22-104 (d) (*Code Ann.* § 22-104; Ga. L. 1968, pp. 565, 571): "The seal of the corporation may, but need not, be affixed to any document executed in accordance with this Code, and its absence therefrom shall not impair the validity of the document or of any action taken in pursuance thereof or in reliance thereon." We hold that the authority of the President to sign the contract on behalf of the corporation was shown here.

3. Defendant contends that price fixing is illegal and in restraint of trade. With this we are in agreement. But we do not reach this point because defendant failed to prove there was any illegal price-fixing arrangement herein.

4. The court did not err in allowing the contract in evidence over the objection made that it was against public policy and in violation of the anti-trust laws in that the commission rates were

fixed by price-fixing means.

5. There was evidence sufficient to support the judgment of the court rendered without the intervention of a jury.

*Judgment affirmed. Jordan, P. J., and Quillian, J., concur.*
ARGUED OCTOBER 6, 1971—DECIDED OCTOBER 21, 1971.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, William W. Cowan, Robert W. Coleman,* for appellant.

*Tindall & Tindall, Joseph D. Tindall, Jr.,* for appellee.