48320. HUTCHESON v. AMERICAN MACHINE & FOUNDRY COMPANY.

PANNELL, Judge. American Machine & Foundry Company, plaintiff-appellee, brought an action to recover rents allegedly due for rental of a tire retreading machine leased to Hoyt A. Hutcheson, d/b/a Mableton Tire & Battery Company, the defendant-appellant. The jury found a verdict in favor of plaintiff in the amount of $15,000, which was less than the amount sued for, that amount being $20,537.26. The defendant appealed to this court enumerating as error admission of certain evidence, the overruling of his motion for directed verdict at the close of the plaintiff's evidence, and that the judgment entered was erroneous because the only evidence to sustain the verdict was the evidence allegedly illegally admitted. *Held:*

1. The evidence was sufficient to sustain the verdict. The lease required payments of 3 cents for each pound of rubber, or other material processed through the machines. It also contained a proviso requiring a minimum rent of $3,600 a lease-year, provided for rebates if the yearly rent exceeded $4,800. A stated time in the future was provided as the beginning of the first "lease-year" and the lease provided that until that time no minimum rent was required. There was a provision therein for the keeping of records by the defendant as to purchases of rubber and materials for use in the machine and for the right of the plaintiff to inspect these records; and provided for making monthly statements showing the calculation of the monthly payments required. These report forms used had a place for a report of poundage based on inventory and purchases of materials, and another based on the poundage of the material actually processed by the machine. The defendant paid monthly rentals based on the inventory and purchases method by reports showing the poundage of 587,000 pounds ($17,610). The meter on

the machine showed the time the machine was used and it used material at approximately four pounds a minute. The meter would only measure up to 100,000 minutes and would then return to zero and begin over again. The machine, itself, showed 1,172,476 pounds were used ($35,174.28), contrary to the defendant's contention that it showed only 376,476 pounds were used ($11,294.28). The defendant based this contention on the ground that the figures contended were based on the difference in what the meter showed at the beginning and what it showed at the end, without taking into account it had passed the 100,000 mark twice before registering the last figure. This results in 200,000 more minutes, or 800,000 more pounds of material actually processed at 3 cents a pound. That is, $24,000. By deducting the rent paid ($17,610) from the rent shown by the machine ($35,174.28) a balance owed for rent of $17,564.28 is shown. The evidence, which we will deal with in the following divisions of this opinion, was also amply sufficient to authorize the verdict rendered.

2. An employee of plaintiff made a trip to defendant's plant to review defendant's records and prepared an "audit report" in writing. This report, together with his testimony in reference thereto, was admitted in evidence over the defendant's objection that the report and testimony was hearsay. This report and the testimony of the employee reflected the number of pounds of retread material purchased by the defendant and was based on the invoice records made available by the defendant to the plaintiff's employee. Subsequently, pursuant to a notice to produce "all" of its invoices, etc., showing purchases of retread materials, defendant produced numerous records including invoices and these were in court at the trial. Plaintiff's employee from these records, then compiled a second "audit report" as to the number of pounds of retread material purchased by defendant, showing as a beginning amount the total poundage from the first report. There was no testimony that these invoices produced at the trial did or did not include invoices covered by the first "audit report." This last report and the testimony of the employee in reference thereto was admitted in evidence over the same objection.

"Where facts can be ascertained only by an examination of a large number of details on books of account, it is permissible for an expert accountant, who has made an examination of the books and figures, to testify as a witness and to give a summarized

statement of what the books show, provided the books themselves are made accessible to the court and to the parties." *Cabaniss v. State,* 8 Ga. App. 129 (14) (68 SE 849). See also *Bitting v. State,* 165 Ga. 55 (3) (139 SE 877); *Bible v. Somers Const. Co.,* 197 Ga. 761 (2) (30 SE2d 623); *Rymer v. Fidelity &c. Fire Corp.,* 81 Ga. App. 308 (2) (58 SE2d 471); *Lewis v. State,* 82 Ga. App. 280, 290 (60 SE2d 663); *Crawford v. Roney,* 126 Ga. 763 (55 SE 499); *Payne v. Franklin County,* 155 Ga. 219 (2) (116 SE 627), and *Lumpkin v. American Surety Co.,* 69 Ga. App. 887 (27 SE2d 412). As the invoice records in court at the trial were produced in response to a notice to produce "all" invoices and other records showing purchase of retread materials, we must, in the absence of a showing to the contrary, assume they "all" were in court and that the invoices on which the first report was based were "available to the court and to the parties." The burden was on the defendant-appellant to show error and the record fails to support his basis for alleged error,—that is, that the invoices on which the reports were based were not available to the court and the parties. The basis for the alleged error is not supported by the record.

3. This same evidence was objected to as being irrelevant because the contract predicated the payment of rentals on poundage actually processed through the leased machine, and not on poundage purchased. The trial court overruled the objection. We agree with the trial judge. Inasmuch as the defendant chose to pay rentals based on monthly reports of poundage figured by an inventory and purchase method and these rentals have been accepted by the plaintiff and because the method used and accepted of *computing* the poundage processed by the machine was accepted by both parties, both parties are bound thereby. See Code § 20-116.

4. There being no error in admitting the evidence complained of and the evidence being sufficient to sustain the verdict rendered, there was no error in refusing to direct a verdict in behalf of the defendant, or in overruling the motion for a new trial on the general grounds.

*Judgment affirmed. Eberhardt, P. J., and Stolz, J., concur.*

ARGUED JUNE 28, 1973 — DECIDED SEPTEMBER 11, 1973.

*Dodd, Driver, McClatchey & Connell, Devereaux F. McClatchey, IV,* for appellant.

*William F. Lozier,* for appellee.