## 29458. RIVERS v. RICE et al.

JORDAN, Justice.

Mrs. Eugene Clark Rivers appeals from the denial of an interlocutory injunction and the vacating of a temporary restraining order.

On January 30, 1970, Mrs. Rivers sold certain real property to Davro, Inc., for $65,000, and Davro executed a note and security deed to Mrs. Rivers. This security deed recited that: "Grantee [Mrs. Rivers] herein agrees to subordinate all of her rights, title, interests and claims herein and hereunder, to any security deed hereafter given by grantor herein (or its successors in title or assigns) to any bank, savings and loan association, insurance company, or real estate investment trust, for the purpose of grantor herein (or its successors in title or assigns) to make a construction loan and/or a permanent loan; such construction loan and/or permanent loan shall be on such terms and in such amounts as the lender and borrower shall agree upon; provided, however, that grantee herein will subordinate to only one such prior lender at any one time. Grantee will execute a subordination agreement in accordance with the form agreed to by the parties hereto in writing this date."

On December 3, 1970, Robert F. Rice and David F. Rice assumed the indebtedness of Davro, and Mrs. Rivers executed a subordination agreement consenting that her security deed be subordinated to a security deed to be executed by the Rices to Great American Mortgage Investors to secure a loan of $647,000. The consideration of this agreement was recited as $1.00 and the consummation of the described loan in reliance upon the agreement.

On September 27, 1971, Mrs. Rivers executed a "Modification of Subordination Agreement," which

recited that: On December 3, 1970, she agreed to subordinate her interest in property described in a security deed from the Rices to Great American, securing an indebtedness of $647,000, to the interest of Great American; since the execution of such document, the Rices have received a commitment from Scott Hudgens Realty and Mortgage, Inc., to make a permanent loan of $750,000, such commitment being based upon a similar commitment to Scott Hudgens from Midwest Federal Savings and Loan Association; and in reliance on such commitment, Great American has agreed to advance an additional $103,000 to the Rices, provided Mrs. Rivers agrees to subordinate to such additional amount. In consideration of $1.00, the consummation of the modification of the former loan, and the making of a permanent loan by either Scott Hudgens or Midwest, Mrs. Rivers waived and subordinated her rights in her security deed as against the temporary and permanent loan in the amount of $750,000.

On January 3, 1972, Mrs. Rivers executed another subordination agreement which recited the Davro security deed in her favor; and that the Rices have succeeded to the interest of Davro in the property and have applied for a loan from Scott Hudgens. In consideration of $1.00 and the consummation of the loan from Scott Hudgens, Mrs. Rivers subordinated her security deed as against the loan to be made by Scott Hudgens, and agreed that the subordination would operate to the benefit of the successors and assigns of Scott Hudgens, including, but not limited to, Midwest Federal Savings & Loan Association of Minneapolis.

On January 20, 1972, the Rices executed a security deed to Scott Hudgens to secure an indebtedness of $750,000, and this deed was transferred and assigned to Midwest.

On January 24, 1972, the security deed from the Rices to Great American was canceled of record.

Thereafter the Rices defaulted on their obligations under the security deed assigned to Midwest. Midwest advertised the property for sale as a first lien holder.

Mrs. Rivers then filed suit seeking to enjoin the sale of the realty unless notice was given to all prospective

purchasers of her senior and superior lien thereon. The matter was submitted at the interlocutory hearing on the pleadings and documentary evidence. The trial court denied the interlocutory injunction and vacated the temporary restraining order, from which order Mrs. Rivers filed this appeal.

The question presented is whether Mrs. Rivers' first security deed was subordinated to the second security deed of Midwest Federal Savings and Loan Association which Midwest was attempting to foreclose.

Counsel for Mrs. Rivers have separately analyzed the three subordination agreements executed by her and pointed out defects and discrepancies in these agreements. Counsel argue that none of the agreements constitute a valid and enforceable contract by Mrs. Rivers to subordinate her security deed to the later security deed of Midwest, under the requirements of Code § 20-107.

In order to determine the intention of the parties we must construe together the obligation of Mrs. Rivers in her security deed to subordinate her lien to the subsequent maker of a construction or permanent loan and the three subordination agreements she executed.

Despite the defects and discrepancies pointed out by counsel for Mrs. Rivers, it is obvious that the three subordination agreements executed by her were intended to fulfill her obligation in her security deed to waive her prior lien in favor of the maker of a construction or permanent loan.

It is not necessary that an agreement to subordinate a security deed to a construction or permanent loan for the improvement of the property set forth with particularity the terms of the loan. *Ideal Realty Co. v. Reese,* 122 Ga. App. 707 (1d) (178 SE2d 564).

Construing the subordination agreements together, it is plain that Mrs. Rivers agreed to subordinate her lien to the lien of Midwest, and this constituted the essential "terms of the contract" under Code § 20-107.

There was sufficient consideration for the subordination agreements. In *Mitchell v. West End Park Co.,* 171 Ga. 878 (1b) (156 SE 888), it was held: "A senior grantee in a security deed has an unquestionable right to waive his priority of lien thereunder in favor of a junior

security deed. Such senior grantee may waive his lien in favor of a person who advances money to the vendor therein to enable him to improve the property thereby conveyed, the enhanced value of the property being sufficient consideration to sustain such waiver."

The trial judge was authorized to find that Mrs. Rivers had subordinated her lien to that of Midwest by valid contracts, and did not err in refusing to enjoin Midwest from proceeding with the foreclosure of its security deed.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 17, 1975 — DECIDED FEBRUARY 25, 1975.

*Orr & Federal, W. Fred Orr, II,* for appellant.
*Heyman & Sizemore, William H. Major, Robert A. Bartlett, Troutman, Sanders, Lockerman & Ashmore, William G. McDaniel,* for appellees.