53619. ANDREWS et al. v. ADAMS DRIVE, LTD.

SHULMAN, Judge.

Appellee sued on account as assignees of C & S Bank, which was the assignee of the original creditor. Following judgment for appellee, this appeal was brought, raising two questions: 1) Were the assignments legally sufficient to authorize appellee to bring suit on the accounts?, and 2) Were account summaries (monthly statements), without supporting invoices, sufficient to support a judgment against appellants?

1. Two assignments are involved here. Appellant asserts that these assignments are defective in two ways: they lacked the requisite formalities and did not adequately describe what was to be assigned.

The complaint concerning the lack of formalities goes mainly to the authority for the assignments. Uncontradicted testimony established that the first assignment, to C & S Bank, was made by the president of the creditor corporation in furtherance of an earlier agreement between his corporation and the bank. That act was within his authority. *Franklin Savings &c. Co. v. Branan,* 54 Ga. App. 363 (188 SE 67); *Cooper v. G. E. Const. Co.,* 116 Ga. App. 690 (158 SE2d 305). Therefore,

the assignment to C & S Bank is not invalid on this ground.

The second assignment, i.e., the assignment by C & S to appellee, was identified by the officer of the C & S Bank who executed it. His uncontroverted testimony established that C & S Bank received and retained consideration from appellee for the assignment. Therefore, even if the assignment had been unauthorized when made, it was ratified by the bank's action in keeping the money. *Cooper v. G. E. Const. Co.,* supra.

Presence of the corporate seal was not necessary. *Milton v. Austin,* 124 Ga. App. 657 (185 SE2d 551).

2. Appellant's argument on the inadequacy of description is equally unavailing. The first assignment document referred to accounts receivable and at one point provided that the assignor would notify "all account debtors." The second assignment recited that it assigned all of the accounts receivable of the first assignor. These were sufficient descriptions to pass all accounts receivable to the ultimate assignee. *Southern Mut. Life Ins. Assn. v. Durdin,* 132 Ga. 495 (64 SE 264); *C & S Nat. Bank v. Capital Const. Co.,* 112 Ga. App. 189 (144 SE2d 465).

3. Appellant also claims that the assignments did not include the right to sue on the accounts. That is incorrect. An account is assignable so as to vest the legal title and, with it, the right of action in the assignee. *Mordecai v. Stewart,* 37 Ga. 364.

4. The accounts in this case were established by the introduction into evidence of file copies of monthly statements of account. Appellants argue that the monthly statements, without the invoices on which they were based, were insufficient to establish their liability. We disagree. The accounts were identified and authenticated by the person who prepared and kept them. Testimony showed that the statements, or summaries, met the requirements of Code Ann. § 38-711, the business records exception to the hearsay rule. The statements were, therefore, properly admitted. Once admitted, they established a prima facie case for appellee by proving the fact of the account and the amount owing. The appellee's right to recover having been shown, it was then

incumbent on the appellants to come forward with any defense they wished to assert. This they attempted to do. The testimony of appellants was that they did not believe they owed the money and that some of the accounts had been paid. This testimony was unsupported by documentary evidence. The issue of liability, therefore, was a question for the fact finder. He resolved the conflict in favor of the appellee. This court will not disturb the judge's findings and judgments absent some error of law. *Kingston Development Co. v. Kenerly,* 132 Ga. App. 346 (208 SE2d 118). We hold that no such error appears in this case.

*Judgment affirmed. Quillian, P. J., and Banke, J., concur.*

ARGUED MARCH 8, 1977 — DECIDED
APRIL 18, 1977.

*Mackay & Elliott, Thomas W. Elliott,* for appellants.
*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Suzanne G. Mason, Charles R. Beaudrot,* for appellee.