## 60821. WICKES LUMBER v. ENERGY EFFICIENT HOMES, INC. et al.

CARLEY, Judge.

Appellant-Wickes Lumber filed suit, alleging that appellee-Energy Efficient Homes, Inc. (EEH) was indebted to it "in the amount of $58,952.74 for building materials and supplies furnished and delivered . . ." and that the individual appellees had guaranteed payment by EEH. Appellees answered, denying the material allegations of the complaint. The case proceeded to trial and, at the close of appellant's evidence, appellees moved for and were granted a directed verdict. Appellant appeals.

1. In resolving the ultimate issue in this case — the propriety of directing a verdict for appellees — we find it necessary first to address the correctness of an evidentiary ruling by the trial judge. Appellant sought to introduce a copy of appellee-EEH's monthly statement of account dated May 20, 1980, showing a balance owing to appellant of $58,952.74. The statement was identified by appellant's accounts receivable clerk as a business record under Code Ann. § 38-711. Appellees, citing *Cotton v. John W. Eshelman & Sons,* 137 Ga. App. 360, 362 (2) (223 SE2d 757) (1976) and *Vaughn & Co. v. Saul,* 143 Ga. App. 74, 79 (237 SE2d 622) (1977), urged that the statement was a "summary" and should not be admitted unless it was first identified and authenticated by an auditor or expert accountant and unless the records upon which the "summary" was based were readily accessible to the court and the parties. The trial judge, agreeing that the monthly statement of account was inadmissible unless the predicates of expert identification and accessibility were laid, refused to admit the statement into evidence.

It was error to exclude the monthly statement. The relevant holdings in the *Cotton* and *Vaughn & Co.* decisions have application when the "summary," not otherwise admissible under Code Ann. § 38-711 as a business record, is introduced to summarize admissible but voluminous or complex records. See generally *Hutcheson v. American Machine &c. Co.,* 129 Ga. App. 602, 603 (2) (200 SE2d 371) (1973). Those cases have no application where, as here, the "summary" is *itself* a business record admissible under Code Ann. § 38-711. *Andrews v. Adams Drive, Ltd.,* 142 Ga. App. 32, 33 (4) (234 SE2d 835) (1977). See also *Smith v. Bank of the South,* 141 Ga. App. 114 (232 SE2d 629) (1977); *Hilliard v. Canton Wholesale Co.,* 151 Ga. App. 184, 185 (2) (259 SE2d 182) (1979). Had the monthly statement been admitted in the instant case, it would have established a prima facie case for appellant by proving the fact of the account and the amount owing and it then would have been incumbent on the

appellees to come forward with any defense they wished to assert. *Andrews v. Adams Drive, Ltd.,* 142 Ga. App. 32, 33 (4), supra. "Where the trial court excludes admissible and material evidence offered on behalf of plaintiff, it is error to direct a verdict against him. [Cits.]" *Isom v. Schettino,* 129 Ga. App. 73, 76 (1) (199 SE2d 89) (1973).

2. Appellant sought to introduce, "[p]urely to support the fact that the account was that large," nine promissory notes executed by one of the individual appellees. The notes were excluded from evidence because appellant failed to connect the notes with the EEH account being sued upon. We have reviewed the transcript and find the notes were properly excluded for the reason stated. Cf. *Burns & Co. v. Bangs, Bard & Co.,* 110 Ga. 267 (1) (34 SE 575) (1899).

*Judgment reversed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED FEBRUARY 2, 1981.

*Howard H. Johnston,* for appellant.
*Robert P. Midtlyng, Sam Johnson,* for appellees.