75425. WGNX, INC. v. GORHAM.
(364 SE2d 621)

SOGNIER, Judge.

WGNX, Inc., doing business as WGNX-TV, Channel 46 in Atlanta, brought suit on account against Leo H. Gorham, d/b/a Southside Flea Market, to recover payment for television advertising services. The trial court granted Gorham's motion for a directed verdict, and WGNX appeals.

The record reveals the trial court granted appellee's motion for a directed verdict based on its finding that appellant had failed to prove the amount of the open account.

1. Appellant contends the trial court erred by refusing to allow appellant's credit and collections manager, Lillie Moore, to testify as to the amount owed by appellee. On direct examination during appel-

lant's case-in-chief, Moore testified to her efforts at collecting the amounts owed by appellee. Moore was asked by appellant's counsel: "How much was the amount you were trying to collect?" Moore's response to this question was prevented by the trial court, which stated that "[t]he highest and best evidence would be the statement of account." We agree with appellant that this ruling was erroneous, and requires reversal. "The mere fact that a written record has been made does not make the writing the best evidence of the matter recorded." Green, Ga. Law of Evidence (2nd ed.), § 101. "In discussing the admissibility of oral testimony regarding written books of account, this court has held: 'As a general rule, the testimony of a person who has knowledge of the facts from which books of account are made up is as to those facts primary evidence, and is admissible, whether or not the books themselves are put in evidence.' [Cits.]" *Klem v. Southeast Ceramics*, 142 Ga. App. 610, 611 (236 SE2d 694) (1977). Moore testified that she was in charge of collecting all monies owed to the station and thus would have been testifying from her own knowledge had she been allowed to answer the question. Her testimony was, therefore, primary evidence. The fact that she prepared written statements based on that same knowledge would not confer on the statements the status of "best" evidence. "Had [Moore's testimony] been [allowed] in the instant case, it would have established a prima facie case for appellant by proving the fact of the account and the amount owing and it then would have been incumbent on the [appellee] to come forward with any defense [he] wished to assert. [Cit.] 'Where the trial court excludes admissible and material evidence offered on behalf of plaintiff, it is error to direct a verdict against [it]. [Cits.]' [Cit.]" *Wickes Lumber v. Energy Efficient Homes*, 157 Ga. App. 303-304 (277 SE2d 298) (1981). The trial court erred by excluding Moore's testimony as to the amount of the account and by directing a verdict against appellant. Therefore, we reverse the verdict directed against appellant by the trial court.

2. Appellant also alleges the trial court erred by refusing to admit two documents into evidence under the business records exception to the hearsay rule. See OCGA § 24-3-14. Before such a writing or record is admissible, a foundation must be laid which " 'should include identification of the writing or record by a witness who is familiar with the method of keeping the records and who can testify thereto and to facts which show that the entry was made in the regular course of business and that it was the regular course of the business to make such memorandum or record at the time of the event or within a reasonable time thereafter.' [Cits.]" *Growth Properties of Fla. v. Wallace*, 168 Ga. App. 893, 898 (310 SE2d 715) (1983).

(a) This foundation was properly laid with respect to plaintiff's exhibit no. 3, a computer printout of a list of the dates on which the

commercials prepared by appellant were to be aired and the cost of each airing. Computer printouts are clearly admissible under OCGA § 24-3-14. *Cotton v. John W. Eshelman & Sons*, 137 Ga. App. 360, 363-365 (3) (223 SE2d 757) (1976). Robert Tobey, an account executive with appellant, testified that the document was prepared in the regular course of appellant's business. Tobey further testified that when orders were written the data was entered into the computer and the computer printed out documents such as plaintiff's exhibit no. 3 on a daily basis. We find that this testimony satisfies the requirements of the statute for a proper foundation and the trial court erred by refusing to allow this document in evidence. See generally *Wickes Lumber*, supra at 303-304 (1).

(b) Similarly, Moore testified that plaintiff's exhibit no. 4, the statement of account, was prepared by keying information into the computer as checks came in, and it was in the regular course of appellant's business to prepare such statements of account on a monthly basis. We do not agree with the trial court that this was insufficient as a foundation for the admission of the document as a business record, OCGA § 24-3-14; see generally *Minnich v. First Nat. Bank*, 152 Ga. App. 833 (264 SE2d 287) (1979), and it was thus error to exclude it.

3. Appellant's remaining enumeration of error is rendered moot by our determination that the trial court's grant of appellee's motion for a directed verdict must be reversed.

*Judgment reversed. McMurray, P. J., and Beasley, J., concur.*

DECIDED JANUARY 5, 1988.

*Lawrence S. Burnat, Mark W. Forsling*, for appellant.
*Joseph R. Baker*, for appellee.