41344. WILKS v. LINGLE et al.

FRANKUM, Judge. 1. Ordinarily the questions of negligence, including gross negligence, contributory negligence, compar- ative negligence and questions as to what negligence con- stitutes the proximate cause of injury, and as to whether plaintiff could, by the exercise of ordinary care, have avoided the consequences of the defendants' negligence after it was, or should have become known to him, are such questions as lie peculiarly within the province of the jury, and such questions will not be determined by the court as a matter of law. *Harvey v. Zell,* 87 Ga. App. 280, 284 (1a) (73 SE2d 605); *Long Constr. Co. v. Ryals,* 102 Ga. App. 66 (1) (115 SE2d 726). It is only where reasonable minds cannot differ as to the conclusion to be reached and the inference to be

drawn from the facts alleged that it is proper to decide these questions as a matter of law on general demurrer. *Georgia Power Co. v. Blum,* 80 Ga. App. 618 (2a) (57 SE2d 18); *Bazemore v. McDougald Constr. Co.,* 85 Ga. App. 107 (1b) (68 SE2d 163); *Keebler v. Willard,* 86 Ga. App. 884, 888 (72 SE2d 805).

2. So, when a petition alleges facts showing the existence of a duty owed to the plaintiff by the defendant, a violation of that duty by the defendant and injury and damage resulting to the plaintiff therefrom, it is sufficient to withstand a general demurrer. *Vickers v. Georgia Power Co.,* 79 Ga. App. 456 (54 SE2d 152); *Harvey v. Zell,* 87 Ga. App. 280, 284 (1b), supra. The mere fact, therefore, that the petition also shows that the plaintiff, or as in this case, the plaintiff's deceased husband, may have been negligent in some respects will not alone bar a recovery, unless reasonable minds could not differ in reaching the conclusion that the deceased's negligence was the sole proximate cause of the injuries and damages sued for, or that the deceased could have, by the exercise of ordinary care, avoided the negligence of the defendants after it became apparent to him. *Bray v. Barrett,* 84 Ga. App. 114, 118 (65 SE2d 612). It is not necessary for the plaintiff to negative in his petition his own negligence, since contributory negligence is a matter of defense. *Minnick v. Jackson,* 64 Ga. App. 554, 556 (13 SE2d 891).

3. It has been repeatedly held in Georgia that a person is not necessarily barred of a recovery on account of the negligence of the host driver or of the driver of another automobile which collided with that of the host merely because of the fact that the plaintiff was riding on the fender, running board, or other exposed place on the automobile of the host driver. *Atlantic Ice &c. Co. v. Folds,* 47 Ga. App. 832 (171 SE 581); *Taylor v. Morgan,* 54 Ga. App. 426 (1) (188 SE 44); *Lassiter v. Poss,* 85 Ga. App. 785 (70 SE2d 411); *Crane Auto Parts v. Patterson,* 90 Ga. App. 257 (82 SE2d 666).

4. In the instant case, even construing the petition most strongly against the pleader, as we are bound to do on general demurrer (*Moore v. Seaboard Air Line R. Co.,* 30 Ga. App. 466, 118 SE 471), it cannot be said that the petition affirmatively shows that the plaintiff's deceased husband was so lacking in ordinary care in riding on the left running board

of the defendant Chitwood's truck as to bar the plaintiff of a recovery on account of his death resulting when the truck of the defendant Lingle collided therewith when overtaking and while attempting to pass on the left, which collision was allegedly caused by the concurrent negligence of the drivers of the two trucks. It follows that the judge of the superior court erred in sustaining the general demurrer of each of the defendants and in dismissing the petition.

*Judgment reversed. Bell, P. J., and Hall, J., concur.*

SUBMITTED JUNE 9, 1965—DECIDED SEPTEMBER 8, 1965.

*Beck & Beck, Cook & Palmour, A. Cecil Palmour,* for plaintiff in error.

*Shaw, Stolz & Fletcher, Irwin W. Stolz, Jr., George P. Shaw, Maddox J. Hale, Spears, Moore, Rebman & Williams, Paul W. Painter,* contra.