## 35806. FULTON NATIONAL BANK OF ATLANTA v. MARSHALL.

HILL, Justice.

On September 22, 1976, Fulton National Bank repossessed a 1972 Ford Torino from Roland C. Marshall. Marshall subsequently filed suit against the bank, alleging wrongful repossession and seeking damages for conversion. By amendment he added a claim for conversion based on the allegation that the bank had failed to sell the car within 90 days of repossession as required by Code Ann. § 109A-9—505. The bank counterclaimed for the unpaid balance on the note, interest, cost of collection and attorney fees. The case was tried to a judge on stipulated facts and judgment was entered for the defendant bank on the complaint and on the counterclaim. On appeal, the Court of Appeals reversed the trial court's determination that Marshall was estopped by his initiation of suit from recovering under Code Ann. § 109A-9—505, and remanded for trial. *Marshall v. Fulton Nat. Bank,* 145 Ga. App. 190 (243 SE2d 266) (1978).

The case was retried on Marshall's claim for $2,500 in general damages and $10,710 for hire, and the bank's counterclaim for the balance of the note due, interest, and attorney fees ($393.25). The jury returned a verdict for the bank on Marshall's complaint, and a verdict for Marshall on the bank's counterclaim. On appeal, the Court of Appeals again reversed because of the trial court's failure to charge, despite a written request, as to the measure of damages for conversion, that is as to the value of the vehicle at the time of its conversion and its hire (rental value per day) from the date of conversion. *Marshall v. Fulton Nat. Bank,* 152 Ga. App. 121 (4) (262 SE2d 448) (1979).

We granted certiorari to determine whether failure to properly charge on the measure of damages is harmless error where there has been a jury verdict finding no liability on the part of either party.

The trial judge charged the jury in pertinent part as follows: "The plaintiff in this case, Mr. Roland C. Marshall, comes into this court and brings an action, the

law calls a tort, and brings it against the defendant, the Fulton National Bank, and seeks a verdict from this jury in the sum of $2,500.00, general damages. And $10,710.00, for hire." "And the Fulton National Bank seeks a verdict from this jury against the plaintiff, Mr. Roland C. Marshall, in the sum of $393.25, which consists of principal, $332.31, and interest of $10.52, and of attorney fees of $60.42, making a total of $393.25." "The court further charges you that if you find that the defendant, Fulton National Bank, is liable to the plaintiff for failing to sell plaintiff's automobile within 90 days of its repossession, you must still reduce the amount of plaintiff's damages by the net amount which plaintiff owes Fulton under his note."[1]

The trial judge utilized a verdict form, as follows:

"I.   *Claim of Plaintiff Roland C. Marshall*
We the jury find:
———————for the defendant,
———————for the plaintiff in the following amounts:
———————Value of automobile————
———————Value of hire of the automobile————

_____
Foreman

"II.   *Counterclaim of Defendant Fulton National Bank*
We the jury find:
———————for the plaintiff,
———————for the defendant in the following amounts:
———————Principal————
———————Interest————
———————Attorneys' Fees————

_____
Foreman

_____

[1]The plaintiff's request to charge, which was not given in the language requested, was simply that if the jury found that the bank had converted plaintiff's vehicle, they should award the plaintiff "the value of the motor vehicle, plus the value of hire of the vehicle from the date of conversion . . .".

"III. In the claim of Plaintiff we find for the defendant. In Counterclaim of Defendant we find for the plaintiff. With no monetary awards to either party.

/s/ W. H. Wyatt
Foreman"

The court explained part one of the verdict form to the jury in his charge as follows: "But if you find for the plaintiff, you would put a cross mark here. 'We find for the plaintiff in the following amount.' And if you find for the plaintiff, then you would show the amount of the value of the automobile, then you would consider the amount of the hire of the automobile, the Foreman would sign it or the Forelady would sign it here." The first two parts of the verdict form were agreed to by counsel for the parties. The third part was added by the court.

The jury was instructed that they could find that neither party was entitled to recover from the other and that is what they did, utilizing part III of the verdict form.

Without deciding whether the plaintiff's request to charge as to the measure of damages for conversion was substantially covered by the court's charge and verdict form, we hold that the failure to charge the jury as to the proper measure of damages is harmless error where the jury's verdict shows that it found that the defendant was not liable to the plaintiff. *Brand v. Montega Corp.*, 233 Ga. 32 (3) (209 SE2d 581) (1974); see also *Andrew v. Carithers*, 124 Ga. 515 (2) (52 SE 653) (1905).

Plaintiff argues that the trial court has a duty to charge the jury as to the substantial issues made by the evidence. This is a true statement but inapplicable here as our holding is based on harmless error. Plaintiff also argues that the jury may have set off plaintiff's claims against the defendant's. The verdict forms rejected by the jury coupled with the verdict form chosen by the jury refutes this contention.

*Judgment reversed. All the Justices concur.*

ARGUED MARCH 10, 1980 — DECIDED MAY 7, 1980.

*Marion H. Allen, III, W. Stanley Blackburn,* for appellant.

*Richard D. Ellenberg,* for appellee.