68734. GEE v. CHATTAHOOCHEE TRACTOR SALES, INC.
(323 SE2d 176)

QUILLIAN, Presiding Judge.

The defendant, George H. Gee, d/b/a Gee Farms, appeals from judgment for the plaintiff, Chattahoochee Tractor Sales, Inc., on a jury verdict. Chattahoochee sold defendant a tractor which required repairs. Gee also heard of another tractor for sale through a different tractor dealer, Morris Howard. ". . . Morris advised me to check with Bobby and be sure that they could fix it before I put the money in it." The "Bobby" referred to by Howard was Robert McLendon, the owner of Chattahoochee Tractor Sales. The evidence is not clear as to which one of the tractor dealers advised him but Gee testified "he said he wanted to tell me that the man [who owned it] had had a lot of trouble with the tractor, that it had sort of been a lemon . . ." Gee also testified that it was correct that "the man [who owned the tractor] was very honest with [him], and told [him] he had had nothing but trouble with the tractor . . ." Gee purchased the tractor August 25th, 1978 and turned it over to McLendon at Chattahoochee Tractor Sales and said to "put in it A-1 shape." Then he took it to one of his farms and "the motor went out." The tractor was taken to Chattahoochee for repair and the "crankshaft was turned." Records show this took place on September 22, 1978. McLendon testified that he ad-

vised against "turning" the crankshaft. The tractor was then returned to Gee and he said that the crankshaft broke and was returned for repairs on February 15, 1980. A new crankshaft and related repairs cost $6,172.97. Gee paid this bill and it forms the basis of his counterclaim for that amount. He alleged that "before said tractor had been operated a very small number of hours, the said tractor failed and refused to function, because said repairs thereto were defective and worthless."

The crankshaft had been replaced in February 1980 and at that time the engine had 1,233.1 hours. The engine failed and was returned for repairs. The work order was dated "11-24-81" and the engine hours were listed as 2,462.3. The cause of failure was a crack in the engine block in one of the mainbearings. A new "short block" was installed at a cost of $8,957.53. Gee then advised Chattahoochee that he would not pay the bill. Gee testified that after he got the repaired tractor back he had it driven to Alabama — approximately 25 miles, and they used it "less than two hours" and it "lost power." Another witness testified that they used it 50 hours on the Alabama farm before it failed. The tractor was taken to a different tractor dealer and the tractor was repaired under the warranty by Allis Chalmers which had sold the "short block" to Chattahoochee. There was no cost to Gee as to this repair.

Because of the refusal of Gee to pay for repairs, Chattahoochee brought this action and the jury found for the plaintiff for the full amount of the repairs to both tractors — $10,476.09. The defendant brings this appeal. *Held*:

1. The amounts due for the repairs to the tractor Gee purchased from Chattahoochee were not contested — $1,518.56. It was also admitted that the tractor repaired by Chattahoochee which Gee purchased from a third party gave some service after each time it was repaired. Hence, as the testimony of McLendon and Chattahoochee's ledger entries, invoices, and repair bills established a prima facie case for plaintiff, the burden of the defense of a partial failure of consideration was on the defendant. *Andrews v. Adams Drive, Inc.*, 142 Ga. App. 32 (4) (234 SE2d 835); *Wickes Lumber v. Energy Efficient Homes*, 157 Ga. App. 303 (1) (277 SE2d 298).

It was apparent that the defendant relied solely on the defense of breach of implied warranties under the Uniform Commercial Code as he requested nine charges based on various provisions of the UCC. He questioned McLendon as to whether he was a merchant, whether he *sold* parts used in the repair of tractors, that he expected the repaired tractor to be suitable for the purpose for which it was intended, and that the repaired tractor was merchantable. It was shown that the "short block" installed by Chattahoochee was the basic part of the engine — but it was not a whole engine. It was only that portion of

the engine from the cylinder head down to, and including, the crankshaft. The remainder of the old engine was used. Although both sides differed as to what constituted an "overhaul" and a "major overhaul," McLendon was consistent that his services were "repairs" and at no time did he sell a new engine to the defendant.

This court has held, in *American Warehouse &c. of Atlanta v. Floyd's Diesel Service*, 164 Ga. App. 106 (296 SE2d 64), where the defendant "undertook the rebuilding of appellant's diesel engine" (which correctly summarizes the facts of the instant case), that "the warranty provisions of Code Ann. § 109A-2—314) [now OCGA § 11-2-314] are applicable 'only to the sale of goods, and not services . . .'" Accord *Pepsico Truck Rental v. Eastern Foods*, 145 Ga. App. 410, 412 (243 SE2d 662). This is the consensus of the majority of the United States. See Annot. 4 ALR4th 85, § 21, 683; 1 Anderson, Uniform Commercial Code 599, § 2-314:101; Aegis Productions v. Arriflex Corp. of America, 268 NYS2d 185 (1966); Samuelson v. Chutich, 529 P2d 631 (1) (Colo. 1974); Hoffman v. Simplot Aviation, 539 P2d 584 (1), (5) (Idaho 1975); Lemley v. J & B Tire Co., 426 FSupp. 1378 (W.D Pa. 1977); Arvida Corp. v. A. J. Indus., 370 S2d 809 (Fla. 1979); Mack Financial Corp. v. Harnett Transfer, 42 N.C. App. 116 (256 SE2d 491, 495) (1979); Swenson Trucking &c. v. Truckweld Equip. Co., 604 P2d 1113 (Alaska 1980).

2. It was not error to refuse to charge defendant's requested charges which were based on provisions of the UCC on sales. The repairs performed by plaintiff on defendant's tractor were a service — not a sale. A "repairer" is not a "seller." Lemley v. J & B Tire Co., supra. And, although a "repairer" may include new parts in the repair of a vehicle engine, the primary purpose of the contract is to "repair" the vehicle, and is not the "sale" of any component part of the engine. Mack Financial Corp. v. Harnett Transfer, supra. The warranty provisions of the UCC do not apply to a "service" contract. 2 Anderson, UCC 599, § 2-314:101.

3. Refusal to give defendant's requested charge on damages is not error where judgment was returned for the plaintiff. *Guthrie v. Pilgrim Realty Co.*, 156 Ga. App. 692, 694 (3) (275 SE2d 686); *Brand v. Montega Corp.*, 233 Ga. 32 (3) (209 SE2d 581); *Fulton Nat. Bank v. Marshall*, 245 Ga. 745, 747 (267 SE2d 225).

4. At the conclusion of the charge the court instructed the jury on the possible form of its verdict. Defendant objected to the failure to include a possible verdict for the defendant with no damages. The court reminded counsel that that was one of the first instructions given and read it to him. Counsel stated: "I beg your pardon." Defendant now urges error in the form of the instructions on the verdict. We find no reversible error. Counsel acquiesced in the charge given and did not insist upon his objection. This ruling is not preserved for

appeal.

5. Defendant objected to testimony of McLendon that all Allis Chalmers parts come with a 90-day warranty. The objection was sustained and counsel requested the jury be instructed to disregard the testimony. The court instructed the jury and no objection was made to the instructions given. On appeal, counsel raises for the first time the allegation that such instructions were "confusing, misleading and clearly erroneous." The Supreme Court has stated quite clearly that an appellate court "is a court for the correction of errors of law committed by the trial court where proper exception is taken thereto, and one may not abandon the only question raised by his petition in the trial court, and for the first time in the brief of counsel in this court raise questions as to rulings not excepted to or not passed upon by the trial court." *Velkey v. Grimes*, 214 Ga. 420, 421 (105 SE2d 224). Following the instruction to the jury the objection was neither renewed nor further instructions requested. Counsel's acquiescence in the curative instructions without renewal of objection or stating what other action he desired is insufficient to preserve this issue for appeal. *Seaboard Coastline R. Co. v. Wallace*, 227 Ga. 363 (4) (180 SE2d 743); see also OCGA § 9-11-46 (a).

Moreover, testimony as to the Allis Chalmers warranty, which had been excluded under this ruling, was subsequently admitted without exception being taken. Hence, possible error was rendered harmless. *Albea v. Jackson*, 236 Ga. 690 (2) (225 SE2d 46).

*Judgment affirmed. Birdsong, J. concurs. Carley, J., concurs in the judgment only.*

DECIDED SEPTEMBER 7, 1984 —
REHEARING DENIED OCTOBER 10, 1984.

*Jesse G. Bowles*, for appellant.
*Thomas H. Baxley*, for appellee.