70958. WENDLANDT et al. v. SHEPHERD CONSTRUCTION COMPANY, INC.
(342 SE2d 352)

BIRDSONG, Presiding Judge.

Automobile Accident — Defendant's Verdict. The facts giving rise to this appeal show that Shepherd Construction Company, Inc. ("Shepherd") was engaged in construction work alongside I-285. Part of the construction included grading and the use of a 44,000 pound bulldozer. Two days before the incident in question, an employee of Shepherd had been using this bulldozer in grading work. Upon completion of the day's work involving the dozer, the employee parked the dozer in a place approved by appropriate authority approximately 300 feet from the roadside, parallel to the road and with the blade down. The jury in the face of contested evidence could have believed that on the day of the accident, some unknown person hotwired or jumped the ignition to the dozer and started the diesel motor running. The dozer allegedly was backed by this unknown person to a

position facing the highway (I-285), who then raised the blade and started the dozer on a forward path toward the road. There was reconstructed opinion evidence that the person then jumped off the dozer and made good an escape on a motorcycle. (This was a reconstruction by witnesses from tracks at the scene and not based upon eyewitness accounts.) The dozer proceeded across the field over the guard rail, across all southbound lanes of I-285 to the center wall where the dozer stopped with the motor still running.

Mrs. Wendlandt was a passenger in a car driven by her sister and along with several other cars was involved in a crash with the dozer. Mrs. Wendlandt suffered numerous painful and serious injuries. She and her husband brought suit against Shepherd urging that Shepherd was negligent in 14 respects in failing to secure the dozer and that this negligent failure was the direct proximate cause of Mrs. Wendlandt's injuries as well as causing Mr. Wendlandt medical expenses and loss of consortium. After a four-day trial, the jury returned a verdict for Shepherd. The Wendlandts each bring this appeal complaining of three alleged errors in the charge of the trial court. *Held*:

1. In their first enumeration of error, the Wendlandts complain the trial court erred in denying a motion in limine and thereafter in admitting evidence and giving a charge on an issue of negligence, as affecting the amount of recovery of damages, of Mrs. Wendlandt in failing to use available seatbelts.

The Wendlandts correctly point out to this court that a charge dealing with the failure to use available seatbelts as contributory or comparative negligence is a matter of first impression in this state. However, most of the cases (out-of-state) relied upon by the appellants are ten or more years in the past and most, though not all, deal with the question of contributory (comparative) negligence in determining the issue of liability as opposed to damages. In this case the trial court expressly limited evidence of the use or failure of use by Mrs. Wendlandt of seatbelts to whether her alleged failure of use might have contributed to the extent of her injuries. Thus in effect the court charged the jury that it could not consider the failure to use an available seatbelt on the issue of liability but limited any such evidence to a diminution of damages, if any, that might accrue to Mrs. Wendlandt under an appropriate consideration of possible comparative negligence. It is clear in this state that comparative negligence, as such, pertains to issues of damages and not liability.

In the years of the 1980's, much public attention has been focused upon the use of injury reduction devices in automobiles such as air bags and seatbelts. As acknowledged by the appellants, the state of Georgia has seen fit to enact a mandatory child restraint law for infants carried as passengers in Georgia-licensed autos. However, as also pointed out by appellants, it was expressly declared that the fail-

ure to use a child restraint would not be considered negligence per se. Nevertheless, much can be said for a legal proposition that the failure to use an available seatbelt, in view of its potential to reduce serious injuries, could be considered by a jury as a matter of negligence by the injured party and as affecting the amount of damages to be recovered. Certainly it would be necessary to show that the actual injuries sustained could have been reduced or probably would have been reduced by the use of an available seatbelt. In this case, Mrs. Wendlandt averred that her injuries were caused by the violence of her being "knocked and tossed about" in the interior of the passenger compartment.

However, we need not decide the desirability or necessity of such a charge on the issue of damages for the jury returned a verdict for the defendant, Shepherd. Thus any issue of damages becomes moot. See *Fulton Nat. Bank of Atlanta v. Marshall*, 245 Ga. 745, 747 (267 SE2d 225); *Gee v. Chattahoochee Tractor Sales*, 172 Ga. App. 351, 353 (3) (323 SE2d 176). This enumeration lacks merit.

2. The Wendlandts also urge error in the charge of the trial court on the subject of the intervention of a third party unexpectedly setting the dozer in motion. The substance of the allegation of error is that the court was so repetitious in this defense offered by Shepherd that it unduly influenced the jury in its verdict even to the extent that it amounted to a comment on the evidence and improper emphasis upon that defense. See *Brown v. State*, 142 Ga. App. 247, 248 (2) (235 SE2d 671).

We note that the Wendlandts requested in writing some 45 charges covering the relevant issues in their allegations and that Shepherd requested ten charges. Many of these charges presented similar issues but from different aspects. The trial court in its charge to the jury gave the majority of the requested charges on behalf of each of the parties. During its charge the court repeatedly reminded the jury that even though some of the charges tended to restate a legal issue from a different perspective, it was designed to clarify the particular legal issue before the jury and its repetitiveness should not be used or considered by the jury as an emphasis of that part of the case on behalf of either party or as an expression of importance in either direction by the court.

As was stated by this court in the earliest year of its existence: "The charge was full to overflowing. Both parties got all they were entitled to, and divided the overflow equally. If there were errors in the charge, they were mild. The [appellant] lost, not because of the charge, but because he failed to impress the jury with the justness of his cause." *Allen & Co. v. Boyd & McDavid*, 1 Ga. App. 348 (2) (57 SE 939). Mere repetition of a principle of law is not reversible error unless it appears, from the charge as a whole, that there is such undue

emphasis as to constitute an unfair statement of law. See *Sam Finley, Inc. v. Barnes*, 156 Ga. App. 802, 804 (275 SE2d 380).

An examination of the charge on this defense to the jury reveals that the court charged some related aspect of the intervention of a third party as affecting liability some eight times. The first was a general statement of the principle, incorporating questions of the natural consequences of the act to cause injury, foreseeability, causation and proximate cause. The charge then focused more narrowly on whether the injuries might have been solely caused by the third party to the exclusion of Shepherd or whether there may be residual negligence by Shepherd. The court next isolated the issue of liability for negligence as between a third party and the defendant. The court then required the jury to consider whether the injuries actually were the product of a third party and whether the third party's intervention could or should have been foreseen or expected. The court focused upon the issue of foreseeability and the duty to guard against the normal but not against the unexpected or unusual. The court then distinguished between a negligent act and an unexpected and criminal act. The court next charged that an unexpected criminal act bars recovery but if reasonably foreseeable, its criminal nature would not insulate Shepherd. Interspersed between these charges were repeated caveats that though the charges generally related to the same issue, the jury was to understand that the several charges on the different facets of the issue were to clarify and explain and not to place undue emphasis. In view of the complexity of the law on this subject and the repeated cautions of the court, we are satisfied that the charge upon the several aspects of this defense did not constitute an unfair or improper emphasis upon the defense advanced by Shepherd. See *Scholle Atlanta Corp. v. Nealy*, 110 Ga. App. 775, 776 (140 SE2d 88). Moreover, the court merely stated barren legal principles illuminating the law but not recapitulating the reasonings and deductions or inferences advanced by Shepherd or authorized by the evidence. We find no substantial merit in this enumeration. See *Sheppard v. Broome*, 214 Ga. 659, 663 (11) (107 SE2d 219).

3. Appellants also argue the trial court erred in directing a verdict in favor of Shepherd on the issue of punitive damages. While we might consider this enumeration to have some merit had there been a verdict of liability against Shepherd, the jury's verdict in favor of Shepherd as to liability causes even an erroneous removal of the issue of damages from the jury to constitute at worst harmless error. *Maloy v. Dixon*, 127 Ga. App. 151, 156, fn. 2 (193 SE2d 19). Assuming error, nevertheless, we find no prejudice to the rights of the Wendlandts in view of the jury's verdict.

*Judgment affirmed. Sognier, J., concurs. Carley, J., concurs in Divisions 2, 3, and in the judgment.*

Decided February 24, 1986 —
Rehearing denied March 10, 1986 — 

C. Alan Mullinax, for appellants.
John F. Davis, Jr., for appellee.