74923. SAPP et al. v. JOHNSON et al.
(362 SE2d 82)

BIRDSONG, Chief Judge.
Personal Injury and Property Damage — Liability. The facts of this case pertinent to our decision show that on the morning of January 10, 1983, in Clarke County, it had been raining and at the time of the accident involved, it was still drizzling. Johnson, while using Mrs. Adams' pick-up truck, was taking a load of cinders to place part of the load upon his (Johnson's) driveway and then on to Mrs. Adams' drive. While en route to his home, Johnson pulled into a service station to purchase gasoline. After purchasing gas, Johnson pulled the truck to the edge of the service station lot to enter the adjacent high-

way. Johnson claimed he looked both ways and observed only the top of an approaching vehicle which was in a dip in the highway approximately 17 seconds from the station at the speed of 50 mph (facts established by Sapp). Johnson pulled into the highway, turned right, and proceeded up the highway. Johnson testified he passed through first, second and third gears and was proceeding at a rate of approximately 35 mph when he first noticed a car passing his truck on the left side. Johnson testified there was no approaching traffic in the left lane but because of a nearby intersection, there was a double solid yellow line barring passing at that point. Johnson stated further that after the car passed him on the left side, the driver made a rather sharp return to the right lane in front of Johnson and the car commenced a skid. He watched the car skid off the roadway and slide into a tree on the side of the road. Johnson stopped his truck and went to the site of the accident. He observed a person (proved to be Jonathan Sapp) in the car. Johnson saw a small amount of blood at Sapp's ear but Sapp did not appear to be otherwise injured. At about that moment, two other cars stopped (one of which was operated by Sapp's brother). Jonathan Sapp was taken from the car, and Johnson concluded Sapp was in good hands. Not feeling a part of the accident except as an observer, Johnson went on his way to complete his mission of spreading cinders.

In contradiction to this version, Jonathan Sapp testified that he was driving his father's Camaro on his father's business. As he (Sapp) crested the hill leading to the service station, Sapp saw a heavily loaded pick-up truck enter the highway in front of him without stopping. Sapp tried to brake the Camaro but because of the wet pavement the car obviously was not going to slow sufficiently to avoid a rear-end collision. Sapp saw a car approaching on the left but had sufficient time to pass the truck on the left and pull back into the right lane. However because of the short time, when Sapp pulled back into the right lane in front of the pick-up truck, the Camaro commenced to skid and Sapp slid off the road into a tree. Sapp's brother testified that when he arrived at the scene of the accident he saw the pick-up truck parked on the side of the road and Johnson at the side of the Camaro. He then observed Johnson starting to leave. He called out to Johnson to stay but Johnson ignored him and drove away.

Sapp does not contest the facts are sufficient to support the verdict in favor of Johnson if Johnson's version was accepted by the jury. However, Sapp does urge error by the trial court in refusing a charge on "flight" by Johnson from the scene of the accident and in affirmatively charging on principles of driving to the left of a double solid yellow line and in the left lane within 100 yards of an intersection; in allowing evidence that Jonathan was not wearing a seat belt at the time of the accident and refusing a charge that the jury must disre-

gard any evidentiary reference to the failure to wear a seat belt. *Held*:

1. There is no merit to the first enumeration of error based upon the failure to charge on "flight." The jury was not asked to determine under appropriate instructions whether when Johnson left he had a conscious awareness that he was involved in an accident and had caused one and "fled" the scene. Sapp's request sought to have the trial court characterize the leaving of the scene by Johnson as "flight" thus requiring the court to assume the position argued by Sapp and in disregard of the innocence claimed by Johnson.

A requested charge need be given only when it embraces a correct and complete principle of law and is pertinent and adjusted to the facts of the case. *Roberson v. Hart*, 148 Ga. App. 343, 345 (251 SE2d 173). Where a requested charge is argumentative in that it assumes the truth of the facts favorable to the appellant but which are disputed at the trial, it is not error to refuse to give such a charge. *Intl. Images v. Smith*, 171 Ga. App. 172, 175 (2) (318 SE2d 711).

2. In enumerations 2 and 3, Sapp contends the trial court erred in charging on the issue of negligence per se by passing on the left of a double solid yellow line and within 100 feet of an intersection.

In this case, the primary responsibility of the jury was to determine the issue of liability as between Johnson and Sapp as that liability might be affected by degrees of comparative negligence, if any, sudden emergency, last clear chance, and such related questions. All evidence shedding light upon those questions was relevant and admissible. The trial court gave relevant and proper charges on those subjects, giving the jury appropriate guidelines in making its decision. For instance, the jury was informed that it was negligence per se to pull into the path of an approaching auto. Likewise, evidence that the passing of the pick-up truck by the Camaro possibly occurred within 100 feet of an intersection or over a solid yellow line also introduced potential evidence of negligence that could have contributed to or caused the accident. Any evidence is relevant which basically tends to prove or to disprove any material fact which is at issue in the case, and every act or circumstance serving to elucidate or throw light upon a material issue or issues is relevant. *Allen v. State*, 137 Ga. App. 755, 756 (224 SE2d 834). It is well established that an instruction is not abstract nor inapplicable where there is some evidence, however slight, on which to predicate it. *Camp v. Phillips*, 42 Ga. 289. To justify a charge on a given subject, it is not necessary there should be overwhelming evidence going to that point, it is enough if there be something from which a legitimate process of reasoning can be carried on in respect to it. *East Side Auto Parts v. Wilson*, 146 Ga. App. 753 (2) (247 SE2d 571). We find no error in the charge of the trial court on these issues.

3. In enumerations 4 and 5, Sapp complains the trial court erred

in allowing evidence that at the time of the accident Jonathan Sapp was not wearing a seatbelt and thereafter in refusing to charge the jury that they should disregard such evidence.

While this court has not reached a positive position as to the point of wearing a seatbelt, we have observed that "much can be said for a legal proposition that the failure to use an available seatbelt, in view of its potential to reduce serious injuries, could be considered by a jury as a matter . . . affecting the amount of damages to be recovered" subject to a showing that injuries could have been reduced by the use of a seatbelt. *Wendlandt v. Shepherd Constr. Co.*, 178 Ga. App. 153, 155 (1) (342 SE2d 352). However, as in the *Wendlandt* case, supra, we again conclude we need not decide the appropriateness of the seatbelt evidence or the failure to charge thereon, for it is clear from the transcript that the evidence was offered as relating to damages. Where a verdict is returned in favor of the defendant, any issue as to damages becomes moot. See *Fulton Nat. Bank of Atlanta v. Marshall*, 245 Ga. 745, 747 (267 SE2d 225); *Gee v. Chattahoochee Tractor Sales*, 172 Ga. App. 351, 353 (323 SE2d 176). These enumerations lack merit.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 29, 1987 —
REHEARING DENIED OCTOBER 21, 1987 — 

*Kenneth Kalivoda, David R. Montgomery, James E. Hudson*, for appellants.

*E. Davison Burch, Lane Fitzpatrick, Frederick A. Bading*, for appellees.