### 77368. KATZ v. WHITE.
(379 SE2d 186)

BEASLEY, Judge.

Defendant Katz appeals the grant of plaintiff White's amended motion for new trial in this suit for personal injuries resulting from a collision between the parties' vehicles.

The court instructed the jury, as requested by appellant over plaintiff's objection: "you may determine whether and to what extent Plaintiff's alleged injuries may have caused [sic] or aggravated or increased by his failure to wear a seat belt. You may also consider his failure to wear a seat belt in determining the issue of failure to avoid the consequences of another's negligence and mitigation of damages. Furthermore, if you determine that the Plaintiff was negligent in the operation of his car, you may consider his failure to wear his seat belt as an additional factor in determining the degree or extent of Plaintiff's negligence."

The trial court granted a new trial after expressly finding that such seat belt defense charge was confusing and might have caused the jury to find plaintiff negligent on the issue of liability because plaintiff was not wearing a seat belt. Appellant contends that the given seat belt charge was a correct statement of applicable Georgia law, or alternatively, harmless error especially when considered in the context of the charge as a whole.

OCGA § 40-8-76.1, effective September 1, 1988, prescribes the use of safety belts in passenger vehicles. Subsection (d) states: "Failure to wear a seat safety belt in violation of this Code section shall not be considered evidence of negligence, shall not be considered by the court on any question of liability of any person, . . . and shall not diminish any recovery for damages arising out of the ownership, maintenance, occupancy, or operation of a passenger vehicle."

The verdict, judgment, and grant of new trial occurred before the effective date of this law. Even beforehand, the failure to use an available seat belt could arguably be considered by the jury only on the question of " 'amount of damages to be recovered' subject to a showing that injuries could have been reduced by the use of a seatbelt. [Cit.]" See *Sapp v. Johnson,* 184 Ga. App. 603, 606 (3) (362 SE2d 82) (1987); *F. A. F. Motor Cars v. Childers,* 181 Ga. App. 821, 822 (3) (a) (354 SE2d 6) (1987); see also, although not controlling, *Cannon v. Lardner,* 185 Ga. App. 194, 195 (1) (363 SE2d 574) (1987); *Wendlandt v. Shepherd Constr. Co.,* 178 Ga. App. 153, 154 (1) (342 SE2d

352) (1986).

The instruction was couched in terms of comparative negligence. It did not contain any clear limitation that plaintiff's failure to wear his seat belt was relevant only on the issue of damages. The last phrase especially could have misled the jury into consideration of the lack of a seat belt as directly relevant on the question of liability.

Moreover, although plaintiff agreed that he was tossed about the car during the collision, specifically that he bumped his knees, defendant did not produce any evidence that plaintiff's alleged injuries could have been reduced by the use of a seat belt. *Sapp v. Johnson,* supra at 606 (3). The instruction could not be directly tied to any evidence relating to the effect of plaintiff's failure to use his seat belt. "As a result, 'this instruction could have led the jury into determining that the fault of the [plaintiff] and [defendant] was equiponderant, resulting in a finding for the [defendant].' [Cit.]" *Martini v. Nixon,* 185 Ga. App. 328, 330 (4) (364 SE2d 49) (1987).

Appellant asserts that the charge was harmless because there was no evidence of plaintiff's "serious injury" as required under OCGA §§ 33-34-9 (a) and 33-34-2 (13) and because there was evidence of plaintiff's negligence in driving without consideration of the seat belt non-use.

First, there was evidence from which the jury could have found that plaintiff incurred a "serious injury" as defined by law, proximately caused by the collision on trial. See *Pinkston v. Hagin,* 157 Ga. App. 2, 3 (2) (276 SE2d 67) (1981); *Dabney v. Ammons,* 150 Ga. App. 737 (258 SE2d 551) (1979). There was evidence of "disability for not less than ten consecutive days." Likewise, the existence of any negligence by plaintiff other than non-usage of his seat belt was for the jury to determine. See *Wilks v. Lingle,* 112 Ga. App. 176 (1) (144 SE2d 552) (1965).

Secondly, we cannot discern the basis for the jury's determination. It could have been, wholly or partially, the confusing instruction, leaving unreached the other elements such as proximate cause and damages.

The grant of a new trial was not legal error.

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 9, 1989 —
REHEARING DENIED FEBRUARY 27, 1989 — ▮▮▮▮▮▮▮▮▮

*Kenneth L. Shigley, Deborah L. Morgan,* for appellant.
*Cuffie & Associates, Thomas Cuffie,* for appellee.