A89A1554. REESE v. LYONS.
(388 SE2d 369)

CARLEY, Chief Judge.

Seeking to recover for the death of her son, appellant-plaintiff brought this wrongful death action against appellee-defendant. The case was tried before a jury. The evidence adduced at trial showed that appellant's deceased and appellee had been drinking together over a period of several hours. During that period, they drove from Hogansville to a nightclub in Atlanta. On the return trip, appellee was driving. When he apparently fell asleep at the wheel, the car left the roadway and struck a tree. Appellee, who was wearing a seat belt, survived, but appellant's deceased, who was not wearing a seat belt, died. The jury returned a verdict in favor of appellee. Appellant appeals from the judgment that was entered by the trial court on that verdict.

1. The trial court did not err in denying appellant's motion for a directed verdict on the issue of appellee's liability. See generally *Powell v. Berry*, 145 Ga. 696, 699 (2) (89 SE 753) (1916).

2. Likewise, the trial court did not err in giving a charge on comparative negligence. *Powell v. Berry*, supra at 699 (2).

3. Assuming, without deciding, that it was error to give a charge on legal accident, that error was self-induced by appellant's own written request to give the charge.

4. The trial court charged the jury that the failure of appellant's deceased to wear his seat belt was a factor which it would be entitled to consider in determining "whether the damages, for which [appellee] may otherwise be liable, should be reduced, should [it] find [appellee] liable in any amount." The giving of this charge is enumerated as error.

The issue of damages having been rendered moot by the verdict in favor of appellee, we need not decide whether the giving of the charge was reversible error. See *Wendlandt v. Shepherd Constr. Co.*, 178 Ga. App. 153, 155 (1) (342 SE2d 352) (1986).

5. The trial court did not err in excluding from evidence appellee's nolo contendere plea to a citation for driving on the wrong side of the road. *Windsor Forest, Inc. v. Rocker*, 121 Ga. App. 773 (2) (175 SE2d 65) (1970). Likewise, the trial court did not err in excluding from evidence appellee's driving record. *Whidby v. Columbine Carrier*, 182 Ga. App. 638 (1) (356 SE2d 709) (1987).

6. The trial court's exclusion from evidence of the police report is

enumerated as error. The record shows that the officer who prepared and filed the report was a witness at the trial of the case. Insofar as the officer's written report contained admissible matter, it was merely cumulative of his testimony. "Where the officer who prepared and filed the report is present, it can add little to his testimony. . . ." *Calhoun v. Chappell*, 117 Ga. App. 865, 866 (2b) (162 SE2d 300) (1968). Accordingly, "even assuming error, it would be harmless inasmuch as the [police report] was merely cumulative of other evidence properly before the jury. [Cits.]" *Milstead v. State*, 155 Ga. App. 407, 408 (2) (270 SE2d 820) (1980).

7. Appellant's remaining enumeration of error has been considered and is found to be without merit.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 31, 1989 —
REHEARING DENIED NOVEMBER 15, 1989 — 

*James R. Jester*, for appellant.
*Beck, Owen & Murray, Samuel A. Murray, Lane, O'Brien & Coburn, Stephen J. Caswell*, for appellee.