## A89A1791. BOATWRIGHT v. CZEREPINSKI.
(391 SE2d 685)

BEASLEY, Judge.

Plaintiff Geneva Boatwright appeals from the denial of her motion for new trial after a judgment was entered on a jury verdict in her favor for $7,944.52. She had sued Bret Czerepinski for injuries she sustained when her automobile collided with his at an intersection in May 1987. Despite the jury verdict in her favor she now contends that the damages awarded were inadequate as a matter of law. She also asserts that the trial court erred in failing to grant her motion in limine as to a seat-belt defense and in charging on such subject, and that instructions on comparative negligence were error.

1. First, the last. Although the evidence regarding plaintiff's negligence was slight, it was sufficient to justify a charge on the issue. *Smith v. Lott*, 246 Ga. 366, 367 (271 SE2d 463) (1980); *Cale v. Jones*, 176 Ga. App. 865, 868 (4) (338 SE2d 68) (1985).

2. Plaintiff's evidence of medical expenses incurred as a result of her injuries was twice what the jury awarded. In addition her proof as to loss of wages was over $600. Whether the damages she recovered

were inadequate as a matter of law depends upon whether there was negligence on her part to justify a reduction in recovery based upon comparative negligence principles or upon her failure to utilize a seat belt.

The principles applied in *Katz v. White*, 190 Ga. App. 458, 459 (379 SE2d 186) (1989), control. It emphasized the necessity of a showing that the injuries received could have been reduced by the use of a seat belt. In this case, a seat belt was available and not used, and plaintiff received injuries to her head and chest from impacting the windshield and steering wheel. As in *Katz*, there was no evidence that using the seat belt would have reduced plaintiff's injuries. The jury could not infer an element of causation from the fact of nonuse and/ or from the nature of the injuries. Cf. *Cannon v. Lardner*, 185 Ga. App. 194 (1) (363 SE2d 574) (1987), writ vacated as to this issue, 258 Ga. 332 (1) (368 SE2d 730) (1988). The requisite evidence being absent, the issue should not have been submitted to the jury. *Katz*, supra; *Sapp v. Johnson*, 184 Ga. App. 603, 606 (3) (362 SE2d 82) (1987); *Wendlandt v. Shepherd Constr. Co.*, 178 Ga. App. 153, 155 (1) (342 SE2d 352) (1986). See also *F. A. F. Motor Cars v. Childers*, 181 Ga. App. 821, 822 (3) (354 SE2d 6) (1987). A new trial is required, even though the jury might have reduced the recovery upon a finding of comparative negligence attributable to plaintiff's driving.

3. For the reasons set forth in Division 2 a new trial must be had.

*Judgment reversed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 5, 1990.

*C. Darrell Gossett*, for appellant.

*Dickey, Whelchel, Brown & Readdick, David C. Will, Terry L. Readdick*, for appellee.