A90A0726. PAYNE v. JOYNER et al.
(399 SE2d 83)

BEASLEY, Judge.

Payne, who was not wearing a seat belt and was injured upon falling from an open jeep when Joyner swerved to avoid another vehicle at an intersection, appeals the denial of her motion for new trial.

Viewed in favor of the verdict, the evidence showed the following. The accident occurred on May 26, 1985 near midnight. Payne consumed four beers between 9:30 and 10:30 p.m. while at a local restaurant with four friends. She then drove her friend's car to another restaurant because she believed the friend too inebriated to safely drive. Payne wore her seat belt. Payne called Joyner, with whom she had a date that evening. Joyner came to pick her up in his jeep, in which she had ridden before and used the seat belts. The jeep had the roof and doors off and Joyner was wearing his seat belt. He did not mention to Payne that she should engage hers.

As they approached the intersection, the traffic light turned yellow. Believing he could not safely stop, Joyner went through the intersection and swerved to miss a vehicle approaching from the passenger side. Payne fell out of the vehicle and was injured when she hit the pavement. No contact was made between the vehicles. When Joyner was asked to get Payne's identification, he discovered in her purse a pint of Seagrams, which he threw into a ditch. When the paramedics arrived, she told them "I don't need help, get me some Seagrams." Her blood alcohol level measured .10 approximately 45 minutes later.

1. Prior to trial, Payne filed a motion in limine to prohibit testimony or evidence regarding the fact that she was not wearing a seat belt. The second enumeration assigns error in its denial and subsequent denial of a new trial on this ground. The motion was premised solely on the theory that OCGA § 40-8-76.1 (d) is to be given retroactive effect to the 1985 incident. The effective date of the statute was September 1, 1988.

OCGA § 40-8-76.1 (b) mandates that each occupant of the front seat of a vehicle "shall . . . be restrained by a seat safety belt . . ." while the vehicle is moving on a public street. Subsection (d) states that "[f]ailure to wear a seat safety belt in violation of this Code section shall not be considered evidence of negligence, shall not be considered by the court on any question of liability of any person, . . . and shall not diminish any recovery for damages arising out of the . . . occupancy, or operation of a passenger vehicle."

Although the amended ·motion for new trial contends that the motion in limine was erroneously amended because 1987 case law[1] allowing seat belt evidence should be applied only prospectively and not in the 1985 calamity, there was no mention of that argument in the motion in limine or during trial and it could not be a basis for new trial. OCGA § 5-5-22; *Boggs v. Griffeth Bros. Tire Co.*, 125 Ga. App. 304, 309 (7) (187 SE2d 915) (1972); *Georgia Power Co. v. Hendricks*, 97 Ga. App. 369, 370 (1) (103 SE2d 601) (1958).

As to the argument based on the statute, the seat belt law is a prospective statute only, applying to incidents on or after September 1, 1988. *Bales v. Shelton*, 197 Ga. App. 522, 524 (3) (a) (399 SE2d 78) (1990). See *Jones v. Scarborough*, 194 Ga. App. 468 (1) (a) (390 SE2d 674) (1990); *Boatwright v. Czerepinski*, 194 Ga. App. 697 (2) (391 SE2d 685) (1990) (accident 1987; trial December 1988).

At the time of trial in 1989, evidence of failure to use a seat belt was admissible on the question of damages if there was evidence that the injuries could have been reduced by use of a seat belt, which was shown here. *Bales*, supra; *Boatwright*, supra; *Katz v. White*, 190 Ga. App. 458 (379 SE2d 186) (1989); *Sapp v. Johnson*, 184 Ga. App. 603, 606 (3) (362 SE2d 82) (1987).

There was no error in the denial of the motion in limine.

2. Defendant also urges error in the trial court's charge on contributory negligence. *Osburn v. Pilgrim*, 246 Ga. 688, 695 (273 SE2d 118) (1980). Objection was that the principle did not apply to the case.

The charge was from Vol. 1 Suggested Pattern Jury Instructions p. 291. It was followed by a charge on comparative negligence which Payne acknowledged was appropriate.

The discussion of contributory negligence at trial and in the brief centers on the seat belt issue. The charge, however, contained no reference to seat belts but addressed the concept generally. Evidence unrelated to the seat belt issue justified the charge. Payne's consumption of alcohol, resulting in a blood alcohol level of .10 forty-five minutes after the fall, could have affected her equilibrium enough to have caused her fall and merited the instruction. *Vogt v. Rice*, 114 Ga. App. 251 (1) (150 SE2d 691) (1966); see *Lawrence v. Edwards*, 128 Ga. App. 1, 2 (3) (195 SE2d 244) (1973). We need not address whether, absent this evidence, the charge was appropriate solely on the seat belt evidence as the charge related to liability instead of damages. *Reese v. Lyons*, 193 Ga. App. 548 (4) (388 SE2d 369) (1989); *Cannon v. Lardner*, 185 Ga. App. 194, 195 (363 SE2d 574) (1987); *Wendlandt v. Shepherd Constr. Co.*, 178 Ga. App. 153, 155 (1) (342

---

[1] *Cullen v. Timm*, 184 Ga. App. 80 (360 SE2d 745) (1987).

SE2d 352) (1986) (physical precedent).

Denial of the motion for new trial was not error.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED OCTOBER 26, 1990.

*Lokey & Bowden, Peter K. Kintz, K. Scott Graham*, for appellant.

*Drew, Eckl & Farnham, G. Randall Moody*, for appellees.