A90A1611. REID v. ODOM.
(404 SE2d 323)

CARLEY, Judge.

Appellant-plaintiff brought suit against appellee-defendant, seeking to recover for personal injuries arising out of an automobile collision. The case was tried before a jury and a general verdict in favor of appellee was returned. Appellant appeals from the judgment entered by the trial court on the jury's verdict.

1. Over objection that it was not authorized by the evidence, counsel for appellee was allowed to make the following closing argument to the jury: "[I]f [you] determine from your review of the evidence that [appellant] should have had his seatbelt on, and if he had his seatbelt on his injuries would have been less or different *or maybe*

*not at all*, well, then you can't make [appellee] pay for those damages. Those are caused by *[appellant's] negligence*, not by anything [appellee] did, and [appellee is] not responsible for those, and the judge is going to charge you on that." (Emphasis supplied.) The trial court's failure to sustain appellant's objection to this closing argument is enumerated as error.

OCGA § 40-8-76.1 (d), which became effective September 1, 1988, provides: "Failure to wear a seat safety belt in violation of this Code section shall not be considered evidence of negligence, shall not be considered by the court on any question of liability of any person, . . . and shall not diminish any recovery for damages arising out of the ownership, maintenance, occupancy, or operation of a passenger vehicle." Accordingly, if the collision at issue in the instant case had occurred after the effective date of this law, the closing argument of appellee's counsel clearly would have been statutorily barred. However, the instant collision occurred prior to September 1, 1988, and the priority of the closing argument must be resolved under the applicable pre-OCGA § 40-8-76.1 (d) case law. *Payne v. Joyner*, 197 Ga. App. 527 (1) (399 SE2d 83) (1990). Under that applicable decisional authority, "the failure to use an available seat belt could arguably be considered by the jury only on the question of ' "amount of damages to be recovered" *subject to a showing that injuries could have been reduced by the use of a seatbelt. (Cit.)'* [Cits.]" (Emphasis supplied.) *Katz v. White*, 190 Ga. App. 458 (379 SE2d 186) (1989).

"The principles applied in *Katz v. White*, [supra at 459], control. It emphasized the *necessity of a showing that the injuries received could have been reduced by the use of a seat belt*. In this case, a seat belt was available and not used, and [appellant] received injuries to [his] head . . . from impacting the windshield. . . . As in *Katz*, there was no evidence that using the seat belt would have reduced [appellant's] injuries. The jury could not infer an element of causation from the fact of nonuse and/or from the nature of the injuries. [Cit.]" (Emphasis supplied.) *Boatwright v.Czerepinski*, 194 Ga. App. 697, 698(2) (391 SE2d 685) (1990). See also *City of Fairburn v. Cook*, 188 Ga. App. 58, 68-69 (10) (372 SE2d 245) (1988); *Menendez v. Jewett*, 196 Ga. App. 565, 567 (3) (396 SE2d 294) (1990). The evidence shows only that appellant was not wearing a seat belt at the time of the collision, and there was no additional showing that appellee's injuries would have been less severe had he been wearing his seat belt. Therefore, it follows that the closing argument of appellee's counsel was "not based on evidence or legitimate inferences from evidence and [was] under the law improper." *J.J. Woodside Storage Co. v. Carr*, 108 Ga. App. 34, 39 (10) (132 SE2d 241) (1963).

The closing argument erroneously urged the jury to consider appellant's failure to use his seat belt as a basis for diminishing his re-

148

covery under the comparative negligence theory. The jury may well have relied upon that uncorrected erroneous argument to conclude that, notwithstanding appellee's negligence in causing the collision, a verdict in her favor was nevertheless authorized because appellant's purported negligence in failing to use his seat belt was comparatively greater. Since it cannot be established that the general verdict in appellee's favor was unaffected by the uncorrected erroneous argument, it follows that the judgment must be reversed and a new trial held.

2. Appellant's remaining enumeration of error need not be addressed as it concerns circumstances unlikely to recur at retrial.

*Judgment reversed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 13, 1991.

*Howard, Secret & Howard, James W. Howard*, for appellant.
*Freeman & Hawkins, Thomas F. Wamsley, Jr., H. Lane Young II*, for appellee.